WALTER FRANK and Another, as Executors and Trustees, etc., Plaintiffs, *v.* PRESIDENT AND DIRECTORS OF THE MANHATTAN COMPANY, Defendant.

Supreme Court, Special Term, New York County, March 29, 1938.

*Kurzman & Frank*, for the plaintiffs.

*Root, Clark, Buckner & Ballantine*, for the defendant.

VALENTE, J. Defendant moves to dismiss the complaint on the ground that plaintiffs have no cause of action in a representative capacity. The action is by holders of mortgage certificates issued by New York Title and Mortgage Company on their own behalf and others similarly situated against the depositary of the bonds and mortgages of the series. There are two causes of action. The first, construed upon the theory most favorable to plaintiffs, alleges a breach of the depositary agreement by the defendant. The second adds allegations of control by defendant of the New York Title and Mortgage Company, which was guilty of fraudulent, improvident and negligent acts, by reason of which control plaintiffs impute responsibility to this defendant.

Plaintiffs have moved to sever the second cause, because it seems to acquiesce in the principle that an action in tort cannot, under the circumstances, be brought against the defendant in a representative form. They still argue that they may bring the first cause in representative form, and make a cross-motion pursuant to rule 8 of the Rules of Civil Practice to give notice to all other holders of certificates who may wish to join in the action. A

distinction must be made between joinder of causes of action, which will permit individual causes to be joined, and a representative one where all the claimants are united in interest or have a common or general interest in the litigation. Where the damage does not arise out of an identical breach, so as to permit a judgment in exact proportion to the amount of property held by each party in interest, a representative action is out of place. This is true, even though a joinder of causes of action might be permitted because of the existence of common questions of law or fact. (*Brenner* v. *Title Guarantee & Trust Co.*, 276 N. Y. 230.) The alleged wrongs might affect the several certificate holders in different degrees, depending upon whether they were holders at the time one or more of the wrongs were committed. In that respect the situation is different where the plaintiffs are stockholders or shareholders in a common fund, in the proceeds of which they share *pro rata*. This is the type of case cited by plaintiffs.

The motion to dismiss the complaint is granted and the cross-motion is denied. As I understand the plaintiffs have since the institution of the action brought individual actions for the same relief, it is unnecessary to provide for an amendment to grant this relief, as was done in *Hetner* v. *President & Directors of Manhattan Co.* (251 App. Div. 718).