Vincent A. Lupiano, J.
Plaintiff, Leonard Guterman, commenced an action for personal injuries against a third party, not the City of New York. Plaintiff placed this action upon the Tort Jury Calendar for New York County and paid the proper calendar fees, including a $25 fee for a jury. Prior to the *260 trial of this action, at a pretrial conference held at the Supreme Court, plaintiff succeeded in settling the matter for $11,000. After the settlement he demanded from the clerk of the court the return of the $25 jury fee. This demand was refused by the clerk and thereafter plaintiff filed a notice of claim and intention to sue the City of New York with the comptroller of the City of New York. The comptroller of the City of New York did not settle or compromise the claim within the time limitations provided by the Administrative Code of the City of New York, and thereafter plaintiff commenced this action individually and as representative of all others similarly situated for the sum of $10,000,000. The latter sum it is contended, is the approximation of the total claims similar to the one individually urged herein.
Plaintiff further contends that he possesses the right to bring the action in a representative capacity for all other claimants by virtue of section 195 of the Civil Practice Act, which reads as follows: ‘ ‘ Suing for benefit of others. Where the question is one of a common or general interest of many persons or where the persons who might be made parties are very numerous and it may be impracticable to bring them all before the court, one or more may sue or defend for the benefit of all.”
The defendant, City of New York, moves to strike from the complaint all allegations concerning the representative or class action, but does not, at this time, move to challenge the sufficiency of the complaint alleging the individual causes of action for the sum of $25. Plaintiff alleges three causes of action for (1) money had and received; (2) implied contract and (3) unjust enrichment.
The motion of the defendant City of New York is granted to the extent of directing that the plaintiff serve an amended complaint eliminating the averments which purport to make this a representative action in behalf of a class. There are stricken from the complaint all allegations and descriptive portions relating to the representative character of the action. This is not properly a representative action at all. Whether this be regarded as an action in contract or tort, or for unjust enrichment, which it more properly is, there is no such general or class interest here as would entitle the plaintiff to maintain this cause of action in a representative capacity. There is no class of persons here deriving a common right, from a common source, and shown to be interested in common, identical or similar relief. The principles indicated in the leading case of Brenner v. Title Guar, & Trust Co. (276 N. Y. 230) are appli *261 cable here. Applied, no other person can have a “ common or general interest ’ ’ in the recovery by this plaintiff of the jury fee which he paid and which was not actually put to use in plaintiff’s own case — nor do these persons become “ united in interest ’ ’ because of that mere factual similarity. And a question of law is not sufficient, per se, to inject these causes with a representative character.
The cause of action of each person entitled to the return of a jury fee is different from that of every other person who may be entitled to the return of a jury fee in a different case and on a different state of facts. Indeed, as the defendant City of New York points out, an action against the City of New York must be preceded by the filing of a notice of claim and there must be an opportunity afforded to the city to honor the claim. Moreover, the facts in each case would require separate investigation before it could be determined that they were such as to entitle a party who had paid the jury fee to the recovery thereof. Ultimately considered, any judgment, for or against the individual plaintiff herein, could not be conclusive with respect to persons “ similarly situated ”. Perforce, each action would have to be individually brought and determined; not initiated on a “ one for all, all for one ’ ’ basis.
Accordingly, the present complaint may not stand, and the plaintiff is directed to serve an amended complaint, confining himself to his own individual cause of action only. Such amended complaint may be served within 20 days after service upon the plaintiff’s attorney of a copy of this order, with notice of entry; otherwise the defendant city may enter a judgment of dismissal herein.