GEORGE BRENNER et al., for Themselves and Others, Respondents, *v.* TITLE GUARANTEE AND TRUST COMPANY, Appellant.

Argued October 4, 1937; decided November 23, 1937.

The following questions were certified:

" 1. Does the third amended complaint state facts sufficient to constitute a cause of action? *yes*

" 2. If the answer to No. 1 is Yes, then should the complaint be so amended as to separately state and number a cause of action as to each plaintiff? *yes*

" 3. Was the motion of defendant to strike out those portions of the third amended complaint relating to the purported representative character of this action properly denied? " *no*

*Richard S. Holmes, Timothy N. Pfeiffer* and *Harold P. Winans* for appellant. There is no community of interest between plaintiffs and the other certificate holders, whom they purport to represent. (*Bouton* v. *Van Buren,* 229 N. Y. 17; *Brown* v. *Werblin,* 138 Misc. Rep. 29; *Warnock Uniform Co.* v. *Garifalos,* 224 N. Y. 522; *Cherry* v. *Howell,* 4 Fed. Supp. 597; *Adelson* v. *Sacred Associates Realty Corp.,* 192 App. Div. 601.) The mere fact that there are numerous certificate holders is not sufficient if there is no community of interest. (*Dyckman* v. *Keeney,* 154 N. Y. 483; *Bouton* v. *Van Buren,* 229 N. Y. 17; *Marsh* v. *Kaye,* 168 N. Y. 196;

*Warnock Uniform Co.* v. *Garifalos,* 224 N. Y. 522; *Hetner* v. *President & Directors of Manhattan Co.,* 251 App. Div. 718; *Garfein* v. *Stiglitz,* 260 Ky. 430.) An action based upon the rescission of a purchase is essentially personal to each purchaser. It depends upon facts peculiar to each transaction and is, therefore, not the proper subject of a representative action. (*Gould* v. *Cayuga County Nat. Bank,* 86 N. Y. 75; *E. T. C. Corp.* v. *Title Guarantee & Trust Co.,* 271 N. Y. 124; *Canadian Agency, Ltd.,* v. *Assets Realization Co.,* 165 App. Div. 96; *Brennan* v. *National Equitable Investment Co.,* 247 N. Y. 486; *Davis* v. *Title Guarantee & Trust Co.,* 246 App. Div. 754; 272 N. Y. 440.)

*Walter S. Seidman* for respondents. Section 195 of the Civil Practice Act authorizes the maintenance of a representative action if either of two conditions exist, namely, a question of common or general interest of many persons or one where the persons who might be made parties are very numerous and it may be impracticable to bring them all before the court. (*Farnum* v. *Barnum,* 2 How. Pr. [N. S.] 396; *Hilton Bridge Constr. Co.* v. *Foster,* 26 Misc. Rep. 338; 42 App. Div. 630; *George* v. *Benjamin,* 100 Wis. 622; *Bickford's, Inc.,* v. *Federal Reserve Bank,* 5 Fed. Supp. 875; *Cobb* v. *Monjo,* 90 App. Div. 85.) The present action is authorized. (*Matter of Bond* v. *Mortgage Guarantee Co.,* 157 Misc. Rep. 240; *Tilford* v. *Metropolitan Life Ins. Co.,* 223 App. Div. 175; *Harper, Inc.,* v. *City of Newburgh,* 159 App. Div. 695; *Tyndall* v. *Pinelawn Cemetery,* 198 N. Y. 217.) The complaint in its present form is proper. (*Atkins* v. *Trowbridge,* 162 App. Div. 629; *Farnum* v. *Barnum,* 2 How. Pr. [N. S.] 396; *George* v. *Benjamin,* 100 Wis. 622; *Bunin* v. *Title Guarantee & Trust Co.,* 244 App. Div. 746; *Anderson* v. *Title Guarantee & Trust Co.,* 246 App. Div. 631; *Sondheim* v. *Title Guarantee & Trust Co.,* 250 App. Div. 753; *National Park Bank* v. *Goddard,* 131 N. Y. 494.)

LEHMAN, J. The plaintiffs, alleging in their complaint that they purchased from the defendant Title Guarantee and Trust Company certificates of undivided shares in a bond, secured by a mortgage on real property in the borough of Brooklyn and guaranteed by the Bond and Mortgage Guarantee Company, have brought an action to recover the amounts paid by them, respectively, for the purchase of their certificates. They allege in the complaint that, when the defendant sold the certificates and for the purpose of inducing such sale, the defendant made fraudulent misrepresentations to each plaintiff and that each plaintiff relied upon the representations of the defendant and did not discover that they were false until August 1, 1934. The complaint further alleges that the plaintiffs upon discovery of the falsity of the representations have elected to rescind the transaction and have offered to return and surrender the certificates.

The law offers a choice of remedies to a person who has been induced to act in reliance upon false representations. Each buyer of a certificate of an undivided share in a mortgage acquires by his purchase an individual right; and where such purchase is induced by fraud, the wrong done is a wrong to the buyer individually; the choice of remedy for such wrong rests with each buyer and the cause of action is separate and individual. No buyer has an interest in the cause of action of another buyer, and, therefore, no buyer is a necessary or, indeed, even a proper party to an action at law brought by another buyer to recover the damages which he has suffered or the consideration he was induced by fraudulent misrepresentations to pay.

Though each person induced by fraudulent misrepresentation to buy an undivided share in a mortgage suffers a separate wrong and has a separate cause of action, the complaint of these plaintiffs seeks redress not only for the wrong which it is alleged each of them has suffered, but also for the wrong which other purchasers may have

suffered from similar misrepresentation. The complaint alleges that the action is brought by the plaintiffs " for themselves and on behalf of all other holders of guaranteed mortgage certificates issued and executed by the defendant, purporting to assign undivided shares and interest in the bonds and mortgages hereinafter mentioned, held by said defendant, who are similarly situated and who shall come in and contribute to the expense of this action." The prayer of the complaint is that " plaintiffs demand judgment that the defendant pay to them and to each of the holders of certificates issued by said defendant who may join in this action respectively, the face amount of each of said certificates held by the respective plaintiffs together with interest," etc. The defendant does not contend that the complaint fails to allege facts which might be sufficient to constitute three separate causes of action in favor of the named plaintiff. It does contend, however, that the complaint does not allege facts sufficient to constitute a single, representative cause of action in favor of the plaintiffs and all other holders of certificates in the same mortgage who are similarly situated.

To test the sufficiency of the complaint and to compel the plaintiffs to plead separately any individual cause of action which each plaintiff may have, the defendant has moved (1) to dismiss the complaint under rule 106 of the Rules of Civil Practice on the ground that the complaint fails to state facts sufficient to constitute a representative cause of action for money had and received, based upon an alleged rescission; or, in the alternative, (2) to require plaintiffs to separately state and number each separate cause of action, pursuant to rule 90; or in the alternative (3) to strike from the complaint, pursuant to rule 103, all allegations and descriptive portions relating to the representative character of the action. The motion was denied at Special Term, and the order denying the motion has been affirmed by the Appellate Division, two of the justices dissenting, and leave has been given to appeal upon certified questions.

Ordinarily all persons who are united in interest must

be joined as parties to an action either as plaintiffs or defendants. Some exceptions were permitted, even in early times, by courts of equity. In the Code of Procedure, as amended in 1849 (L. 1849, ch. 438), the Legislature provided that " Of the parties to the action, those who are united in interest must be joined as plaintiffs or defendants; but if the consent of any one, who should have been joined as plaintiff, cannot be obtained, he may be made a defendant, the reason thereof being stated in the complaint, and when the question is one of a common or general interest of many persons; or when the parties are very numerous and it may be impracticable to bring them all before the court, one or more may sue or defend for the benefit of the whole." (§ 119.)

The Code section was intended to embody without change both the general rule and the exception to that rule " in accordance with the then existing practice of courts of equity." Its purpose was not to provide for the joinder in one action of separate causes of action owned by different plaintiffs. Its purpose was rather to retain " in the new practice the same rules by which to determine whether the proper parties were before the court, which then prevailed in the court of chancery." (*McKenzie* v. *L'Amoureux*, 11 Barb. 516, 518 [1851].) In those cases where it applied, one person may prosecute a cause of action or interpose a defense for the benefit of others, who are not parties to the action, but, only, where they might *properly be joined as parties* because they have a common or general interest or are united in interest.

Without substantial change, section 119 of the Code of Procedure survived as section 448 of the Code of Civil Procedure, and that section was divided, and, without other changes, inserted in the Civil Practice Act as sections 194 and 195. In unambiguous terms section 195 of the Civil Practice Act provides, just as section 119 of the Code of Procedure provided, that one person may sue or defend for others who are not parties to the action only where " the question is one of a common or general interest of many persons or [where the persons who

might be made] parties are very numerous and it may be impracticable to bring them all before the court." Just as the language has remained unchanged with the immaterial exception of the addition of the words in brackets, so too its construction has remained unchanged. In *Mc Kenzie* v. *L'Amoureux* (*supra*) the court pointed out in 1851 that the section applied only where the parties are " *united in interest* " or where they have a " common or general interest " in the litigation; and in *Bouton* v. *Van Buren* (229 N. Y. 17, 22) this court said in 1920: " a representative action cannot be maintained unless it appears from proper allegations in the complaint that the plaintiff not only has a cause of action, but that he is representative of a common or general interest of others."

In this case the complaint shows beyond peradventure that the three plaintiffs are not representatives of others who have a " common or general interest " or who are " united in interest." The holders of certificates of participation in a mortgage may have a common or general interest in the mortgage and in the property subject to the mortgage; but this action is not brought to protect or enforce such interest. On the contrary, no recovery can be had in this action unless the plaintiffs are permitted to repudiate and rescind the only tie or interest which they have in common with other purchasers of certificates of shares in the same mortgage. The cause of action for the recovery of money paid is based upon the assertion of a right which is inconsistent with the existence of any common interest. No right or interest in the bond and mortgage of any purchaser of a certificate can be affected by the success or failure of any other purchaser in an action to rescind the purchase.

Though the wrong done to each plaintiff as alleged in the complaint is an individual wrong and the right to relief of each plaintiff is several, yet they have the right to join as plaintiffs in one action and there assert their several rights to relief. So, too, other purchasers in

similar situation might join with them in that action. The reason is that their right to relief arises out of the " same transaction or series of transactions " and if they brought separate actions, " common questions of law or fact " would probably arise. The Legislature has recognized that in such circumstances separate actions and separate trials might occasion needless delay and expense which in aggravated cases might result in a denial of justice, and, while leaving unchanged the provisions for " suing for benefit of others " (Civ. Prac. Act, § 195), it has adopted a new and very broad provision for the " joinder of plaintiffs generally " in whom any right to relief is alleged to exist, " whether jointly, severally or in the alternative." (§ 209.)

The plaintiffs urge that, because the Legislature has adopted these new and broad provisions for the joinder of plaintiffs in one action, the courts should, by changed construction of the old provisions for representative actions, permit the bringing of a representative action in behalf of all persons who might under section 209 be joined as parties plaintiff. The courts may not disregard a limitation which the Legislature has not destroyed even if there were no sound basis for retaining in the statute the old distinction. In truth, however, it may, with perhaps more reason, be argued that the old limitations on " suing for [the] benefit of others " which existed before the statute and which have been preserved in the statute still serve a useful purpose.

The purpose of a representative action is to permit an adjudication of a question in which others who are not parties to the action, though they might be made so, are interested. (Pomeroy on Code Remedies, § 289; Clark on Code Pleading, p. 280. Cf. *Kerr* v. *Blodgett*, 48 N. Y. 62; *Schuehle* v. *Reiman*, 86 N. Y. 270, 273; *Brinckerhoff* v. *Bostwick*, 99 N. Y. 185, 194.) " In cases properly falling within this principle, wherein members of a class sue or are sued on behalf of other members of a class who have a common or general interest or are too numerous

to be made actual parties, the judgment or decree is conclusive for and against those members of the class who are thus represented, in the absence of fraud or collusion." (1 Freeman on The Law of Judgments, § 436. Cf. rule 8 of the Rules of Civil Practice.) That result could not be extended to entirely separate causes of action, such as the plaintiffs have pleaded in this action. There would be no basis then for determination of what parties are " similarly situated."

The complaint, as we have said, alleges facts which are, perhaps, sufficient to constitute separate causes of action in favor of each of them, though these causes of action are not separately stated or numbered. Though the action is brought in behalf of others similarly situated, the complaint contains no allegations which the defendant could controvert which even purport to establish a cause of action for rescission in favor of any such persons. It alleges not a single transaction but that the sales were made " between the 24th day of April, 1930, and the 10th day of October, 1932." Upon such sales the representations, if any, made by the seller and relied on by the buyer may have been different in each case. It does not show even that any buyers other than the plaintiffs have attempted to rescind a purchase of certificates or demanded the return of the price paid.

The defendant's motion is not for mere technical advantage. It is entitled to know what causes of action it must answer and prepare to meet.

The orders should be reversed, with costs in all courts, and the defendant's motion to separately state and number the separate causes of action of the three plaintiffs, and to strike out from the complaint portions of the complaint not relevant to such separate causes of action granted. The first and second certified questions should be answered in the affirmative and the third question in the negative.

CRANE, Ch. J., O'BRIEN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Ordered accordingly.