Marjorie S. WOOD, Plaintiff,

v.

PRECISE VAC–U–TRONIC, INC., a New Jersey Corporation, Ralph H. Henshaw, Kurt J. Huttlinger, Arthur M. McGuire, Defendants.

Civ. A. No. 24545.

United States District Court
E. D. Pennsylvania.

March 28, 1961.

Dow & Stonebridge, New York City, Daniel L. Stonebridge, New York City, of counsel, for libelant.

David P. Dawson, New York City, for respondent.

Miller, Adelman & Lavine, Melvin Lashner, Philadelphia, Pa., for plaintiff.

Symington P. Landreth, Philadelphia, Pa., for defendants.

KRAFT, District Judge.

Plaintiff seeks to recover in this suit for losses sustained as the result of defendants' alleged fraud, whereby plaintiff was induced to invest in bonds issued by the corporate defendant and to advance money on the security of its note.

The complaint contains two counts. The first count is a common law action for fraud. The second count incorporates the averments of the first and alleges a violation of the Securities Act of 1933, 15 U.S.C.A. § 77a et seq.

Two motions are presently before us. The first is defendants' motion for summary judgment on the second count. Briefly stated, it is defendants' contention that plaintiff has failed to allege that the transactions involved use of the mails or instrumentalities of interstate commerce. The complaint, it is true, is not drawn with the clarity and precision which might be desired. However, on a motion for summary judgment the pleadings are to be liberally construed in favor of the party opposing the motion. Purity Cheese Co. v. Frank Ryser Co., 7 Cir., 1946, 153 F.2d 88. So construed, the complaint is not so deficient as to warrant the entry of judgment.

The individual defendants also move to dismiss the first count against them on the ground of lack of diversity. The motion must be dismissed. The complaint alleges two distinct grounds in support of a *single cause of action*, one of which presents a federal question. Since the federal question is not plainly wanting in substance, we may take jurisdiction also upon the non-federal ground, under the doctrine of pendant jurisdiction. Hurn v. Oursler, 1933, 289 U.S. 238, 53 S.Ct. 586, 77 L. Ed. 1148. That doctrine is succinctly stated at page 245 of the opinion in 289 U.S., at page 589 of 53 S.Ct:

"But the rule does not go so far as to permit a federal court to assume jurisdiction of a separate and distinct non-federal cause of action because it is joined in the same complaint with a federal cause of action. The distinction to be observed is between a case where two distinct grounds in support of a single cause of action are alleged, one only of which presents a federal question, and a case where two separate and distinct causes of action are alleged, one only of which is federal in character. In the former, where the federal question averred is not plainly wanting in substance, the federal court, even though the federal ground be not established, may nevertheless retain and dispose of the case upon the nonfederal ground; in the latter it may not do so upon the non-federal cause of action."

The doctrine of pendant jurisdiction was also carefully expounded in the opinion of our Court of Appeals in Jordine v. Walling, 3 Cir., 1950, 185 F.2d 662.

### Order

Now, March 28th, 1961, after careful consideration, it is ordered and decreed that:

1. Defendants' motion for summary judgment on the second count be, and it is, denied.

2. The individual defendants' motion to dismiss the first count be, and it is, denied.