Order affirmed, with costs. Question certified answered in the affirmative.
. Concur: Chief Judge Desmond and Judges Dye, Fuld, Van Voorhis and Scileppi. Judge Burke dissents and votes to reverse in the following memorandum: The misrepresentations alleged in the complaint and allegedly contained in the prospectus issued pursuant to section 352-e of the General Business Law upon which the cause of action depends were made to each purchaser of stock in identical terms. That distinguishes this case from Brenner v. Title Guar. & Trust Co. (276 N. Y. 230); Society Milion Athena v. National Bank of Greece (281 N. Y. 282), and Onofrio v. Playboy Club of N. Y. (15 N Y 2d 740). In those cases the representations may have been different in each case and no thread joined the members Of the proposed class. The objections which were real in those cases are not even theoretically sound here. (See CPLR 1005, [a], [b], [c]; 2 Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 1005.04, 1005.11, 1005.12 [1964]; Beeching v. Lloyd, 3 Drew. 227; Markt & Co. v. Knight S. S. Co., [1910] 2 K. B. 1021, 1031-1032, 1045-1046; The Annual Practice, 1963, vol. 1, p. 338; cf. Case v. Indian Motorcycle Co., 275 App. Div. 698, affd. 300 N. Y. 513; Escott v. Barchris Constr. Corp., 340 F. 2d 731, 733 [1965].) Here proof of the cause of action of any one member of the class automatically proves the cause of action for all members of the class (Bouton v. Van Buren, 229 N. Y. 17; Elkind v. Chase Nat. Bank, 259 App. Div. 661, affd. 284 N. Y. *562 726; CPLR 1005), Under this state of facts there can be q judgment for the putative class in which its members have a common interest. The fact that members of the class have additional individual causes of action arising from representations made apart from the prospectus which require pleading and proving scienter and reliance has no relevance here at all. Bach member of this class relied on the identical prospectus which constituted as a matter of law the sole offer of securities and the statute specifically prohibited fraudulent misstatements and omissions. Taking no part: Judge Bergan.