**Sam BRISKIN et al., Plaintiffs,**

**v.**

**Louis J. GLICKMAN et al., Defendants.**

**No. 66 Civ. 4301.**

United States District Court
S. D. New York.

April 12, 1967.

Schwartz & Frank, New York City, for plaintiffs; George H. Schwartz, Harvey M. Sklaver, Paul E. Gelbard, and Frederick Schwartzman, New York City, of counsel.

Simpson Thacher & Bartlett, New York City, for defendants Franchard Corp. and Glickman Servicing Corp.; Roy L. Reardon and Joseph J. Ackell, New York City, of counsel.

Strasser, Spiegelberg, Fried & Frank, New York City, for defendants Louis A. Siegel and Seymour Young; George A. Spiegelberg and Michael N. Pollet, New York City, of counsel.

Gordon, Brady, Keller & Ballen, New York City, for defendant Louis J. Glickman; Sol I. Sokolsky, New York City, of counsel.

METZNER, District Judge.

This is an action brought by four limited partners on behalf of themselves and all other purchasers and holders of limited partnership interests in 21 West Associates against the general partners of Associates and two corporations said to be controlled by the general partners. The complaint contains four separate counts—two predicated on federal law and two on state law.

The federal claims alleged are based on a violation of section 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a), and a violation of section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and rule 10b–5, 17 C.F.R. § 240.10b–5, of the Securities and Exchange Commission.

The state claims are based on alleged violations of sections 352–c and 352–e of the New York General Business Law, McKinney's Consol.Laws, c. 20. Defendants have moved pursuant to Fed.R.Civ.P. 12(b) (1) to dismiss the state law claims on the ground that this court lacks jurisdiction, or in the alternative pursuant to Fed.R.Civ.P. 12(b) (6) that the state law counts fail to state a representative claim upon which relief can be granted.

The court will first consider defendants' contention that the court lacks jurisdiction over the state claims, since if defendants are correct on this ground, the court is without power to decide whether a representative claim can be brought.

Both parties agree that jurisdiction over the state claims cannot be predicated on diversity of citizenship since the requisite diversity is lacking. If jurisdiction is to be found it must be based on the doctrine of pendent jurisdiction. As has been noted many times, the doctrine of pendent jurisdiction was first given prominent exposition in the

Supreme Court case of Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148 (1933). See generally Note, 62 Colum. L.Rev. 1018 (1962). The Court there observed the distinction between a case where two distinct grounds for relief (one federal and one state) were urged to support a single cause of action and the situation in which two separate and distinct causes of action were alleged. 289 U.S. at 245–246, 53 S.Ct. 586. In the former situation pendent jurisdiction would be upheld; in the latter it would not. The policy of avoiding needless duplication of judicial time underlies the doctrine. Hazel Bishop, Inc. v. Perfemme, Inc., 314 F.2d 399, 5 A.L.R.3d 1031 (2d Cir. 1963); Telechron, Inc. v. Parissi, 197 F.2d 757, 761 (2d Cir. 1952).

The pendent jurisdiction doctrine has been applied to sustain a state claim of common law fraud when violations of the Federal Securities Acts as alleged herein have been claimed. Errion v. Connell, 236 F.2d 447 (9th Cir. 1956). A common law fraud claim has been deemed pendent even where the Securities Act involved did not require proof of reliance and scienter. See Jung v. K. & D. Mining Co., 260 F.2d 607 (7th Cir. 1958); Wood v. Precise Vac-U-Tronic, Inc., 192 F.Supp. 619 (E.D.Pa.1961). See also Ellis v. Carter, 291 F.2d 270 (9th Cir. 1961).

Defendant contends that the state statutes involved in the instant case are complex, and therefore the common law fraud cases are distinguishable. Section 352–c of the New York General Business Law is an intrastate regulation in many ways similar to the interstate federal securities regulations. Section 352–e requires certain real estate ventures that make public offerings of securities to register with the state department of law a detailed prospectus of that offering. Advisory literature and advertisements connected with such offerings are also regulated. The section and regulations issued pursuant to it are quite detailed; however, in essence they are directed to misstatements and omissions of material fact in the prospectus and literature issued to induce investment. The plaintiffs, in paragraphs 13 and 14 of their complaint, in support of their claim under section 17(a) of the Securities Act of 1933, have detailed facts that were misstated and omitted from the prospectus issued by defendants. These same facts and no more are relied on in support of their state claims. This distinguishes the instant case from Wolfson v. Blumberg, 229 F.Supp. 191 (S.D.N.Y.1964), appeal dismissed, 340 F.2d 89 (2d Cir. 1965), relied on by the defendants. In Darwin v. Jess Hickey Oil Co., 153 F. Supp. 667 (N.D.Tex.1957), also relied on by the defendants, the state claim included "securities" that were not recognized as securities by federal law involved therein. Further, many distinctions were noted as to burden of proof.

Defendants have not shown that if the alleged facts are proven, this would not be a violation of the New York laws. As was stated in Errion v. Connell, supra, 236 F.2d at 454, "The thought of requiring two law suits in this situation is untenable." See also Lupardo v. I. N. M. Indus. Corp., 36 F.R.D. 438 (S.D.N.Y. 1965) (while the issue was not extensively argued, the court found it had jurisdiction of a 352–c claim under the pendent doctrine).

Defendants contend that if the federal court has jurisdiction, the plaintiffs' local claims should nevertheless be dismissed because they fail to allege a representative claim under state law. They argue that since the state courts would not allow the representative form, Erie R. R. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), and its progeny compel this court to dismiss the state claims.

The parties are at issue as to whether New York state law would allow representative actions under sections 352–c and 352–e of the General Business Law to be brought. In Brenner v. Title Guar. & Trust Co., 276 N.Y. 230, 11 N.E.2d 890, 114 A.L.R. 1010 (1937), the court held that when fraud is alleged as to a group

of purchasers, and the purchases have been made separately, a representative claim will not lie. This rule has been consistently followed down to Coolidge v. Kaskel, 16 N.Y.2d 559, 208 N.E.2d 780, 260 N.Y.S.2d 835 (1965), which dealt with a representative action under section 352–e. Plaintiffs rely on two recent New York Court of Appeals cases, Riviera Congress Assoc. v. Yassky, 18 N.Y. 2d 540, 223 N.E.2d 876, 277 N.Y.S.2d 386 (1966), and Lichtyger v. Franchard Corp., 18 N.Y.2d 528, 223 N.E.2d 869, 277 N.Y.S.2d 377 (1966), to support their contention that New York would allow their state claims to be brought representatively. While the cases do allow class actions to be brought by limited partners, problems of individualized proof and relief (cf. Society Milion Athena v. National Bank of Greece, 281 N.Y. 282, 22 N.E.2d 374 (1939)), that troubled the Court of Appeals in *Brenner*, did not exist in those recent cases. They sought damages for injury to the entity of which the individual plaintiffs were members, and not to the individuals themselves. The court clearly states in *Lichtyger* that its

> "conclusion is not at odds with any of our decisions holding that a class action was unauthorized because 'separate wrongs' had been done to each member of the putative class." (Citing Brenner and Coolidge). 277 N.Y.S.2d at 382.

■ The state claims in this action could not be brought as representative claims under New York state law.

The issue is therefore presented as to whether the federal court must follow the state court in this instance. The parties agree that Erie R. R. v. Tompkins, supra, applies to state claims in the federal court under the doctrine of pendent jurisdiction. See Mintz v. Allen, 254 F.Supp. 1012 (S.D.N.Y.1966); 1A Moore, Federal Practice ¶ 0.305[3], at 3056 and n. 14 (2d ed. 1965).

■ When the state law involved in diversity or pendent jurisdiction of the federal courts is clearly substantive, no problem arises, for *Erie* and the constitution itself compel the court to follow state law. Difficulties arise when the rule involved is one normally thought of as regulating procedure. Such is the case here, as the focus is on Federal Rule 23. The mere label of procedure, of course, does not answer the *Erie* problem. Guaranty Trust Co. of N. Y. v. York, 326 U.S. 99, 109, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945). For a time judicial focus looked mainly at whether application of the federal rule would change the outcome of the result. See Guaranty Trust Co. of N. Y. v. York, supra; Ragan v. Merchants Transfer Co., 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520 (1949); Cohen v. Beneficial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949); Palmer v. Hoffman, 318 U.S. 109, 63 S.Ct. 477, 87 L.Ed. 645 (1943); Clark, Federal Procedural Reform and States' Rights; To a More Perfect Union, 40 Tex.L.Rev. 211 (1961).

The shifting sands of *Erie* policy have recently swayed away from the oversimplified outcome-determinative test. In Hanna v. Plumer, 380 U.S. 460, 85 S. Ct. 1136, 14 L.Ed.2d 106 (1965), the question presented was whether *Erie* would be applied in a diversity case to invalidate a service made in compliance with Fed.R.Civ.P. 4(d) (1) which would be invalid under state law. At the time of institution of suit the statute of limitations had not run. At the time of decision the statute of limitations was a bar and if the state rule were applied, the litigation would be at an end; if the federal rule were followed, the litigation would continue. In this connection the Supreme Court noted that, in a sense, *"every* procedural variation is 'outcome-determinative.'" 380 U.S. at 468, 85 S.Ct. at 1142. It further noted that " 'Outcome-determination' analysis was never intended to serve as a talisman." 380 U.S. at 466, 85 S.Ct. at 1141. The Court stated that:

> "When a situation is covered by one of the Federal Rules, the question facing the court is a far cry from the typical, relatively unguided *Erie*

choice: the court has been instructed to apply the Federal Rule, and can refuse to do so only if the Advisory Committee, this Court, and Congress erred in their prima facie judgment that the Rule in question transgresses neither the terms of the Enabling Act [28 U.S.C. § 2072] nor constitutional restrictions." 380 U.S. at 471, 85 S.Ct. at 1144.

The Court went on to find the federal rule controlling.

■ A more detailed examination of the New York requirement as to whether a class action may be brought under sections 352–c and 352–e shows it merely to be a form and mode of enforcing a state-created right and thus not the kind of procedural rule federal procedure must give way to. See Byrd v. Blue Ridge Elec. Cooperative, 356 U.S. 525, 536, 78 S.Ct. 893, 2 L.Ed.2d 953 (1958). The New York courts would allow permissive joinder in this situation, as the court clearly stated in Brenner v. Title Guar. & Trust Co., supra, 276 N.Y. at 236–237, 11 N.E.2d 890, 893, where the wrongs alleged were concededly more several than here:

"Though the wrong done to each plaintiff as alleged in the complaint is an individual wrong and the right to relief of each plaintiff is several, yet they have the right to join as plaintiffs in one action and there assert their several rights to relief."

The reason stated for this by the state court is the same one behind the federal court allowing a representative claim in the present context: to avoid the expense and time of proving separate actions. *Brenner*, supra 276 N.Y. at 237, 11 N.E. 2d at 893. The rationale of not allowing a class action in *Brenner* dealt with the complaint. The wrong had been alleged as one transaction, and only one of several possible forms of relief was requested. The court stated that:

"The defendant's motion is not for mere technical advantage. It is entitled to know what causes of action it must answer and prepare to meet." 276 N.Y. at 238, 11 N.E.2d at 894.

The federal discovery procedure will give defendants ample opportunity to discover what differences there may be in plaintiffs' contentions. Both sides agree that all material elements of the state claim must be proven, including reliance, if necessary. There would seem to be no state policy that would require our following the state rule. Certainly stronger state policy considerations existed in Oskoian v. Canuel, 269 F.2d 311, 316 (1st Cir. 1959), wherein the court permitted a class suit to be brought under rule 23 against a defendant union, although a state statute specifically prohibited it.

Moreover, it would seem that the application of the federal procedural rule herein would not promote forum shopping. Since sections 352–c and 352–e deal with intrastate commerce, it would appear doubtful that many cases would arise wherein the requirements of federal diversity jurisdiction would be satisfied. On the other hand, in order to sustain a state claim under pendent jurisdiction, the federal claim must be substantial. See Bell v. Hood, 71 F.Supp. 813, 819–820 (S.D.Cal.1947); Wright, Federal Courts § 19, at 57 and n. 15 (1963). When an injury is claimed under the Securities Exchange Act, the federal court is the exclusive forum (section 27). The pendent claims here are properly brought in the federal court and it has been shown that plaintiffs under state law could have permissive joinder. It would follow that other groups of persons involved in the instant claims could also bring actions in this court. Therefore, following federal procedure will not have a significant effect on what forum is chosen. Following state procedure could result in a multiplicity of actions in the federal court in a context that rule 23 was meant to avoid.

The procedural difference is not beyond the limits of permissibility outlined in Hanna v. Plumer, supra. Cf. Urbano v. News Syndicate Co., 358 F.2d 145 (2d Cir. 1966) (rule 17(b)—capacity to sue);

Pinewood Gin Co. v. Carolina Power & Light Co., 41 F.R.D. 221 (D.S.C.1966) (joinder). This is certainly a situation where federal procedure is federal housekeeping and state law is inapplicable.

Defendants' motions are denied. So ordered.