Charles Margett, J.
The fundamental question presented in this motion to dismiss the complaint for legal insufficiency is whether limited partners may institute a class or representa *609 tive action in a suit for accounting, fraud, conspiracy to commit fraud, balance due on a lease, and money due a partnersMp as capital contribution. The defendants contend the complaint should be dismissed on the grounds that: (1) plaintiffs, as limited partners, have no right to bring a class action; (2) an action for an accounting without a dissolution of a partnership is not authorized by law or by the terms of the partnership agreement; (3) the plaintiffs have split a single cause of action into several causes of action, all of which should be litigated in an accounting action; and they further contend that the fourth, fifth, sixth and seventh causes of action should be separately stated and numbered. The plaintiffs cross-move for summary judgment on the third cause of action.
As to defendants’ first contention, it was well settled that partners or joint venturers could not sue each other at law for anything relating to the concerns of the partnership or joint enterprise ‘1 until after a settlement and balance struck and expressed promise to pay”. (Blattberg v. Weiss, 61 Misc 2d 564, 567, and cases cited therein.) However, the cases of Lichtyger v. Franchard Corp. (18 N Y 2d 528) and (Riviera Congress Assoc. v. Yassky (18 N Y 2d 540) modified the rule to some extent. In Lichtyger v. Franchard Corp. (supra), the court held that where general partners are guilty of wrongful conduct and all limited partners are injured in the same manner, the limited partners have a right to bring a class action. The Riviera case (supra), held for the first time in this State that where an obligation runs to the partnership and not to the limited partners, one of the latter may bring a derivative suit. Subsequent to the Riviera case (supra), the Legislature added sections 115-a, 115-b and 115-c to the Partnership Law, thus codifying the rule of Riviera (supra), and attaching conditions very similar to those governing derivative actions for corporate stockholders. (Business Corporation Law, §§ 626, 627; 721, 722, 724, 725 and 726.) The memorandum of the Law Revision Commission (N. Y. Legis. Annual, 1968, pp. 6-7) indicated that: ‘ ‘ the purposes of the amendments proposed by the Commission are (1) to codify the right of a limited partner to bring a derivative suit and to establish certain procedures and requirements in connection with the suit (sections 115-a and 115-b), (2) to make clear that participation in a derivative suit does not subject the limited partner to liability as a general partner (amendment to § 96), and (3) to establish a general partner’s right to indemnification for expenses incurred in defending a derivative suit against him, and to provide procedures for obtaining such indemnification (section 115-c). ’ ’
*610 It appears from a reading of Riviera (supra), the Partnership Law (§§ 115, 115-a, 11'5-b, 115-c), and the memorandum of the Law Revision Commission that, where the cause of action is derivative, the plaintiffs must bring suit pursuant to the Partnership Law (§§ 115, 115-a to 115-c) and may not bring a class action. To hold otherwise would undermine the intent of the Legislature in providing safeguards to both limited partners and general partners in derivative suits. The argument that plaintiffs raise, that the word “ may ” in the statute (Partnership Law, § 115-a, subd. 1), grants the plaintiffs an opportunity to bring their action derivatively or alternatively as a class action, is specious. The Legislature’s intent was not to allow the plaintiffs a choice between the two types of actions but was, rather, to give plaintiffs the procedural right to bring a derivative action, which right had not been available prior to the Riviera decision (supra).
In determining whether a cause of action is derivative in nature, the case law under the Business Corporation Law may be looked to for guidance. Pursuant to the Business Corporation Law, if the primary injury is to the corporation, the direct cause of action belongs to the corporation, even though all shareholders may be injured by a diminution in the value of their shares, and a shareholder cannot proceed individually to assert the corporate claim but must proceed by derivative suit. (Business Corporation Law, § 626; Berzin v. Litton Ind., 24 A D 2d 740; Greenfield v. Denner, 6 N Y 2d 867, revg. 6 A D 2d 263; 3 White, New York Corporations [13th ed.], § 626.01.) The same criteria must be used in determining whether a limited partner’s claim is derivative or personal.
The first cause of action alleges a wrongful failure to distribute partnership profits to the limited partners and the plaintiffs seek an accounting. The obligation to distribute partnership profits pursuant to the partnership agreement runs from the partnership to the individual limited partners, and as such it is personal. (Cf. Gordon v. Elliman, 306 N. Y. 456.) The failure to fulfill this obligation maybe the subject of a class action in that all limited partners are injured in the same manner. (Lichtyger v. Franchard Corp., supra; Briskin v. Glickman, 267 F. Supp. 600.)
The second cause of action is also for an accounting because of alleged wrongful conduct and breach of fiduciary duties in that the general partners diverted a substantial portion of the partnership funds, received upon the sale of the partnership’s real property, to their own use or the use of several co-defendants whom they control. Where there is an alleged breach of a *611 general partner’s fiduciary duty to the limited partners and claimed wrongful conduct, a representative action will lie. (Lichtyger v. Franchard Corp., supra.)
The fourth and sixth causes of action will also lie, as they allege the breach of fiduciary duties and wrongful conduct by a general partner in that he conspired, with several codefendants, to defraud the partnership in the operation and subsequent sale of the partnership’s real property.
The fifth cause of action alleges that there is money due and owing to the partnership pursuant to a leasing agreement between the partnership and the defendants Barbur Operating Corp. and Forest Hills Inn, Ltd. The seventh cause of action alleges that a limited partner has failed to complete payment, to the partnership, of his capital contribution under the terms of the partnership agreement. In both these causes of action, the defendants’ obligations run directly to the partnership and not to the limited partners and as such are derivative in nature. Being derivative actions, the plaintiffs have failed to allege sufficient facts to state a cause of action. (Partnership Law, §§ 115-a to 115-o.)
It is conceded that the third cause of action is not brought derivatively or as a class action, but rather as an action at law, seeking damages for injury to individual limited partners and not to the limited partners as a class. As such, it cannot be sustained, for it is violative of the settled rule, discussed previously, that an individual limited partner can sue only for an accounting. (Briskin v. Glickman, supra; Blattberg v. Weiss, supra.)
The defendants’ second contention, that the plaintiffs’ action for an accounting must be pursuant to a dissolution, cannot be sustained. The case of Lichtyger v. Franchard Corp. (18 N Y 2d 528, supra) makes it clear that limited partners, in' the proper case, may sue at law. Further, section 99 of the Partnership Law provides “ (1)A limited partner shall have the same rights as a general partner to * * * (b) Have on demand true and full information of all things affecting the partnership, and a formal account of partnership affairs whenever circumstances- render it just and reasonable Where plaintiffs allege a breach of fiduciary duty, such as the instant one, a formal account of the partnership affairs prior to dissolution is just and reasonable. (Riviera Congress Assoc. v. Yassky, 25 A D 2d 291, affd. 18 N Y 2d 540.)
- As to the defendants ’ third contention, the distinctions between actions at law and suits in equity and the forms of these actions and suits have been abolished and plaintiffs may seek both legal and equitable relief in the same action (CPLR. 103, *612 subd. [a] ; Lane v. Mercury Record Corp., 21 A D 2d 602, affd. 18 N Y 2d 889). Indeed, the failure to join such legal and equitable causes of action may have res judicata or collateral estoppel effect if one or the other cause of action is the subject of a later suit. (Industrial Development Foundation of Auburn v. United States Hoffman Mach. Corp., 16 A D 2d 600; see Schwartz v. Public Administrator, 24 N Y 2d 65.) Further, the defendants have not indicated, nor has the court found, any provision in the partnership agreement denying plaintiffs the right to bring an action at law or a suit in equity prior to dissolution.
The defendants’ final requested relief is also without merit. The plaintiffs have separately stated and numbered the paragraphs in the complaint and properly realleged prior paragraphs. (CPLR 3014.)
Accordingly, the motion is denied, except that the third, fifth and seventh causes of action are dismissed with leave to serve an amended or supplemental complaint. The cross motion for summary judgment is denied as moot in view of the foregoing disposition.