Hugh **KENWORTHY, III** and W. **Thomas Tither, Jr.,** individually; and Hugh Kenworthy, III, W. Thomas Tither, Jr., William Dimeling and John C. Tuten, Jr., trading and doing business as Tobias Knoblauch Private Bank, Plaintiffs,

v.

Sarah W. **HARGROVE,** Secretary of Banking of the Commonwealth of Pennsylvania; John Brine, Peter Smith, Eleni Pournaras, Maureen McCullough, John White, individually and in their capacities as officers of Knoblauch State Bank; Thomas Foley, Secretary of Labor and Industry of the Commonwealth of Pennsylvania; and Ronald E. Chronister, former Acting Insurance Commissioner of the Commonwealth of Pennsylvania and former Acting Director of the State Workman's Insurance Fund, Defendants.

Anthony N. **DINNOCENTI,** Ronald N. Dinnocenti, George Connell, C. Meade Geisel, Thomas J. Keaveney, Pennmark Group, Inc., T. Brandon Weidner, W. Phelps Riley, Henry L. Serra, and Frank A. Serra, Plaintiffs,

v.

Sarah W. **HARGROVE,** individually and in her Capacity as Secretary of Banking, Sarah W. Hargrove, acting in her Capacity as Receiver for the Pennsylvania Deposit Insurance Corporation, Sarah W. Hargrove, acting in her Capacity as Receiver for Tobias Knoblauch Private Bank, Department of Banking of the Commonwealth of Pennsylvania, Knob-

lauch State Bank, Maureen H. McCullough, John F. White, Jr., Eleni A. Pournaras, Peter J. Smith, John J. Brine, State Worker's Insurance Fund, Marian State Bank, and Thomas J. Foley, Defendants.

Civ. A. Nos. 92–7416, 93–1699.

United States District Court,
E.D. Pennsylvania.

June 10, 1994.

Robert W. Lentz, and John C. Snyder, Reading, PA, for Dinnocenti plaintiffs.

Elizabeth C. Detwiler, Harrisburg, PA and Michael R. Bucci, Jr., Pittsburgh, PA, for defendant Hargrove.

### OPINION AND ORDER

VAN ANTWERPEN, District Judge.

This 42 U.S.C. § 1983 action arises out of the summary seizure and subsequent reconstitution of the Tobias Knoblauch Private Bank. In an Order dated June 29, 1993 in *Dinnocenti v. Hargrove*, Civ. No. 93–1699 (E.D.Pa.1993), this court consolidated the above-captioned matters pursuant to Federal Rule of Civil Procedure 42(a). Defendant Sarah W. Hargrove has now moved for partial summary judgment against the plaintiffs in the *Dinnocenti* case (hereinafter "Limited Partners") on all but one Count of their

Complaint.[1] We first review the facts that gave rise to the underlying dispute and present a concise outline of the already extensive procedural history of this litigation.

## I. FACTUAL AND PROCEDURAL HISTORY

The plaintiffs in the action originally docketed as *Dinnocenti v. Hargrove*, Civil No. 93–1699 (E.D.Pa.1993), which has since been consolidated with *Kenworthy v. Hargrove*, Civil No. 92–7416 (E.D.Pa.1992), are ten limited partners of the Tobias Knoblauch Private Bank ("Private Bank"), a limited partnership which operated formerly as a private bank[2] in Pennsylvania. Limited Partners' Complaint, ¶¶ 1, 20. On April 17, 1992, Pennsylvania's Secretary of Banking, Sarah W. Hargrove ("Secretary Hargrove"), seized the Private Bank, its assets, and its deposits.[3] Limited Partners' Complaint, ¶ 62. On that same day, Secretary Hargrove filed a certificate of possession on the Private Bank, thereby becoming its statutory receiver.[4] Limited Partners' Complaint, ¶ 63. Also on April 17, 1992, the Court of Common Pleas of Berks County, Pennsylvania entered two Orders confirming Secretary Hargrove as receiver of the Private Bank and approving the sale of the Private Bank's assets and the transfer of its liabilities to a newly chartered institution, defendant Knoblauch State Bank. Limited Partners' Complaint, ¶ 67.

The Limited Partner Plaintiffs now challenge the propriety of Secretary Hargrove's seizure of the Private Bank and her subsequent transfer of certain assets and deposit liabilities to Knoblauch State Bank. In addition to Secretary Hargrove, the Limited Partners also bring claims against the Department of Banking; Knoblauch State Bank and its directors; Marian State Bank; the State Workmen's Insurance Fund ("SWIF"); and Thomas Foley, the Director of SWIF at times relevant to the activities alleged in Limited Partners' Complaint. Limited Partners' Complaint, ¶¶ 8–18.

The Limited Partners also have brought a state court action against these same defendants over the same perceived misconduct with regard to the seizure of the Private Bank. This state court action, begun by writ of summons, was filed on October 16, 1992 in the Court of Common Pleas of Berks County, Pennsylvania, and remains pending.

The Limited Partner Plaintiffs filed their Complaint in this court on March 31, 1993. The Complaint sets forth ten causes of action listed in separate Counts numbered I through X. In short, the Counts include:

Count I—Violation of Civil Rights under 42 U.S.C. § 1983 (procedural due process);

Count II—Violation of Civil Rights under 42 U.S.C. § 1983 (substantive due process);

Count III—Violation of Pennsylvania's Banking Code;

Count IV—Taking of Property;

Count V—Negligence;

Count VI—Conspiracy;

Count VII—Conversion;

---

1. This court already has issued an Opinion in this action, in which we denied Defendant Secretary Hargrove's Motion to Amend an Order to Certify Interlocutory Appeal with regard to abstention and immunity issues. *See Kenworthy v. Hargrove*, 826 F.Supp. 138 (E.D.Pa.1993).

2. The Pennsylvania Banking Code of 1965, as amended in 1980, defines a "private bank" as:

an individual, partnership or unincorporated association authorized as a private bank under the Banking Code of 1933 to engage in the business of banking in this Commonwealth on the effective date of this act and an individual, partnership or unincorporated association which receives authority pursuant to this act, to continue in the business of banking as a private bank.

7 Pa.C.S.A. § 102(t).

3. The Pennsylvania Department of Banking Code authorizes the Department of Banking to take possession of any institution subject to its supervision whenever it appears to the Department that the institution is "conducting its business in an unsafe manner" or is "in an unsafe or unsound condition to transact business." 71 Pa. C.S.A. § 733–504(A)(2) & (3).

4. The Pennsylvania Banking Code provides that the Secretary, upon seizing an institution, becomes, by operation of law, that institution's statutory receiver. 71 Pa.C.S.A. § 733–601. After seizing the institution, the Code directs the Secretary to file a "certificate of possession" noting that she has become the bank's receiver. 71 Pa.C.S.A. § 733–604.

Count VIII—Fraudulent Misrepresentation;

Count IX—Intentional Interference with Prospective Economic Relationships;

Count X—Injunctive Relief (procedural due process).

In response to Plaintiffs' Complaint, on or about May 19, 1993, Defendant Hargrove moved to dismiss or stay the federal action. This court then issued an Order on June 29, 1993, in which we declined to grant the relief requested by defendant in her motion.

Defendant Hargrove now moves for partial summary judgment with regard to Counts I through VII, IX and X of Limited Partners' Complaint, maintaining that all of these Counts, in the case of each plaintiff, set forth causes of action which are derivative in nature and, therefore, Limited Partner Plaintiffs lack standing to maintain them.[5] We now review defendant's claims.

## II. STANDARD FOR SUMMARY JUDGMENT

To prevail against a motion for summary judgment, the party opposing the motion "must set forth specific facts showing that there is a genuine issue for trial." Federal Rule of Civil Procedure 56(e). "The inquiry performed is the threshold inquiry of determining whether there is the need for trial—whether, in other words, there are any genuine factual issues that probably can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). All inferences must be drawn and all doubts resolved in favor of the non-moving party. *United States v. Diebold,*

*Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962); *Gans v. Mundy*, 762 F.2d 338, 341 (3d Cir.), *cert. denied*, 474 U.S. 1010, 106 S.Ct. 537, 88 L.Ed.2d 467 (1985).

## III. DISCUSSION

### A. Standing of the Limited Partner Plaintiffs

Defendant Hargrove's only contention here is that the Limited Partner Plaintiffs lack standing to assert the claims made in their Complaint, with the exception of a single count concerning fraud (Count VIII). Defendant alleges that because these claims are asserted on behalf of the limited partnership Private Bank, and since the Private Bank's general partners have brought these same claims in suits in this and other jurisdictions, Limited Partner Plaintiffs lack standing to sue in their individual capacity. *See* Memorandum of Law in Support of Motion for Partial Summary Judgment as to Limited Partners' Claims, p. 2.

In order to evaluate defendant's claims, we must review Pennsylvania partnership law. In Pennsylvania, a limited partnership is a creation of the state legislature, through which the state "permits a manner of doing business whereby individuals may invest their money free of the fear of unlimited liability and of the responsibilities of management." *Freedman v. Tax Review Board of City of Philadelphia*, 212 Pa.Super. 442, 449, 243 A.2d 130, 135 (1968), *aff'd*, 434 Pa. 282, 258 A.2d 323 (1969). Pennsylvania has adopted the Uniform Limited Partnership Act ("ULPA"), 59 Pa.C.S.A. § 501–569, Act of December 19, 1975 (P.L. 524, No. 155),[6] which provides in relevant part:

"... shall take effect 90 [ninety] days after the Governor publishes a proclamation in the Pennsylvania Bulletin stating that the Governor has found that the United States Internal Revenue Service has determined that 15 Pa. C.S. ch. 85 (relating to limited partnerships) corresponds to the Uniform Limited Partnership Act for purposes of 26 C.F.R. § 301.7701–2. The Governor shall issue such a proclamation upon being furnished with a copy of a ruling by the Internal Revenue Service to that effect. Delay in the repeal of 59 Pa.C.S. ch. 5 and enactment of 15 Pa.C.S. § 8502(a) shall not postpone the effective date of 15 Pa.C.S.

---

5. This court was presented the same issue in its consideration of Defendants Foley and SWIF's Motion to Dismiss filed on May 17, 1993. At that time, we denied defendants' Motion in an Order filed on June 29, 1993. Although we denied that Motion, we agree to revisit the standing issue at this later stage of this litigation.

6. In December 1988, the General Assembly of Pennsylvania replaced the ULPA with the Revised Uniform Limited Partnership Act ("RULPA"), 15 Pa.C.S.A. § 8501–8594, Section 302(e)(1) of Act of December 21, 1988 (P.L. 1444, No. 177). However, Section 304(a)(5) of the RULPA states that it:

## § 511. Limited Partnership defined

A limited partnership is a partnership formed by two or more persons under the provisions of section 512 (relating to formation), having as members one or more general partners and one or more limited partners. The limited partners as such shall not be bound by the obligations of the partnership.

\* \* \* \* \* \*

## § 545. Parties to actions

A contributor, unless he is general partner, is not a proper party to proceedings by or against a partnership, except where the object is to enforce a limited partner's right against or liability to the partnership.

Accordingly, limited partners surrender the right to participate in the conduct of the partnership in exchange for the benefits of limited liability. The Pennsylvania Supreme Court has expressly noted the restricted role of limited partners:

> In exchange for exposure to only limited liability, and the tax advantages available because of the use of the limited partnership entity [ ], the limited partners *must* abstain from participation in the conduct of the business.

*In re Estate of Hall,* 517 Pa. 115, 134, 535 A.2d 47, 56 (1987) (emphasis added).

Despite these operational restrictions, federal courts have held that a limited partner may bring a derivative action on behalf of the partnership for malfeasance of the general partners, pursuant to Section 545 of the Pennsylvania ULPA. *Engl v. Berg,* 511 F.Supp. 1146, 1152–53 (E.D.Pa.1981). *See Klebanow v. New York Produce Exchange,* 344 F.2d 294, 297–98 (2d Cir.1965) (upholding right to bring derivative action under identical provision of ULPA in New York); *Riviera Congress Associates v. Yassky,* 18 N.Y.2d 540, 547–48, 223 N.E.2d 876, 879–80, 277 N.Y.S.2d 386, 392 (1966) (confirming *Klebanow's* prediction of New York law).[7]

■ In this case, however, Limited Partner Plaintiffs claim that they do not bring this suit derivatively on behalf of the partnership, but rather to redress the individual losses suffered by each Limited Partner. In their Response to defendant's summary judgment motion, the Limited Partner Plaintiffs state that each Partner suffered damages to his or her individual property, rather than to the partnership itself, as a result of Defendant Hargrove's allegedly procedurally deficient seizure of the Private Bank. *See* Response of Dinnocenti Plaintiffs to Motion for Partial Summary Judgment, p. 9. Secretary Hargrove, however, argues that Limited Partner Plaintiffs are actually only seeking redress for an injury sustained by the partnership Private Bank, thereby overstepping the restricted role of limited partners set forth above by both statute and the Pennsylvania courts.

Although the Pennsylvania Supreme Court has not yet offered us guidance for determin-

---

ch. 85, and pending repeal of 59 Pa.C.S. ch. 5, persons may utilize either statute at their election, which shall be expressed in the partnership agreement, for the government and regulation of the affairs of the limited partnership. A partnership agreement that fails to identify expressly the statute applicable to the partnership shall be deemed to contain an election to be governed by 59 Pa.C.S. ch. 5. On the effective date of the repeal of 59 Pa.C.S. ch. 5, any partnership then governed by that chapter shall thereafter be governed by 15 Pa.C.S. ch. 85.

Because no proclamation has yet been issued by the Governor, and since the parties in this case had not expressed their intention to elect to use the RULPA for the regulation of Knoblauch Private Bank, the older statute, the ULPA, 59 Pa. C.S. ch. 5, would govern here.

The determination of whether to apply the ULPA or the new RULPA in this matter is not material, however, since the RULPA contains a similar provision to that found in the older ULPA, governing the ability of limited partners to bring an action on behalf of the partnership. *See infra* note 7, *quoting from* 15 Pa.C.S.A. § 8591.

7. The right of limited partners to bring a derivative suit on behalf of the partnership has been codified in the RULPA. The relevant provision of that statute, as adopted by the Pennsylvania legislature, states:

> A limited partner may bring an action *in the right of a limited partnership* to recover a judgment in its favor if general partners with authority to do so have refused to bring the action or if an effort to cause those general partners to bring the action is not likely to succeed.

15 Pa.C.S.A. § 8591 (emphasis added).

ing whether such claims may be brought derivatively, on behalf of the partnership, or whether they may be brought individually by plaintiffs, we believe we can predict Pennsylvania's law by looking to other state courts' interpretations of similar provisions of the ULPA. In New York, courts have held that the answer to this question depends on whether the primary injury alleged in the complaint is to the partnership or to the individual plaintiffs. *See e.g., Strain v. Seven Hills Associates,* 75 A.D.2d 360, 429 N.Y.S.2d 424, 431 (1980); *Alpert v. Haimes,* 64 Misc.2d 608, 315 N.Y.S.2d 332, 335–36 (1970); *see also Whalen v. Carter,* 954 F.2d 1087, 1093 (5th Cir.1992) (holding that limited partners lacked standing to pursue RICO claims because defendants' activity was directed against partnership, and limited partners' injuries were derived from injuries to partnership); *Caley Investments v. Lowe Family Associates, Ltd.,* 754 P.2d 793, 795 (Colo.Ct. App.1988) (dismissing limited partners' counterclaims because any injury limited partners could suffer as a result of encumbrances to partnership assets would be indirect, resulting from a diminution in value of investment). When a limited partner alleges wrongs to the limited partnership that indirectly damaged a limited partner by rendering his contribution or interest in the limited partnership valueless, the limited partner is required to bring his claim derivatively on behalf of the partnership. *See Strain,* 75 A.D.2d 360, 429 N.Y.S.2d at 432; *Sussman v. Paradigm Partners,* 1992 WL 321783 *7, 1992 U.S.Dist. LEXIS 16426, at *21, Fed.Sec.L.Rep. (CCH) P97,051 (S.D.N.Y.1992) (citing *Strain, supra* ). In urging this point, the New York court in *Strain* emphasized:

> [A] limited partner's power to vindicate a wrong done to the limited partnership and to enforce redress for the loss or diminution in value to his interest is no greater than that of a stockholder of a corporation. As a general proposition, where a corpora-

tion suffers loss because of the acts of officers, directors, or others which diminish or render valueless the shares of stock of a stockholder, the stockholder does not have a direct cause of action for such damages, but has a derivative cause of action on behalf of the corporation to recover the loss for the benefit of the corporation.

*Id.; see also Dayton Monetary Assocs. v. Donaldson, Lufkin, & Jenrette Sec. Corp.,* 1993 WL 410503 *1, 1993 U.S.Dist. LEXIS 14435, at *2, Fed.Sec.L.Rep. (CCH) P98,053 (S.D.N.Y.1993) (extending principles of derivative shareholder suits to limited partnerships); *In re Estate of Brandt,* 81 A.D.2d 268, 281, 440 N.Y.S.2d 189, 196 (1981) (holding that because limited partnership resembles a corporation more closely than it does an ordinary partnership, limited partner is not proper party to proceedings by or against the partnership, except where the object is to enforce his right against or liability to the partnership). We believe Pennsylvania courts will adopt this approach and, therefore, will apply New York's interpretation of the ULPA to the facts of this case.[8]

We find that the harms alleged by the Limited Partners here were not suffered *directly* by the individual Partners, but indirectly, through harms said to have been suffered by the partnership itself. *See* Limited Partners' Complaint, Counts I–VII, IX–X. The crux of the Limited Partners' Complaint, in Counts I through VII, IX and X, is that Secretary Hargrove improperly and unlawfully took certain actions, in either a negligent or intentional, conspiratorial fashion, which resulted in damages to each Limited Partner's property, or to each of their interests in the limited partnership. Limited Partners' Complaint, ¶¶ 62, 88, 103, 106, 113, 125, 129, 137, 138. The Limited Partner Plaintiffs claim that Secretary Hargrove seized the interest of each of the Limited Partners without providing them notice, in

---

8. Indeed, the Honorable Forrest G. Schaeffer, President Judge of the Court of Common Pleas of Berks County, Pennsylvania, already has ruled on this precise issue in the Limited Partner Plaintiffs' attempt to assert similar claims in a state court action. *See* Order of February 4, 1994, *Dinnocenti v. Hargrove,* Civ. No. 5475–92, AD (P.J. Schaeffer, Court of Common Pleas, Berks County, Pa.) Judge Schaeffer dismissed all claims of the Limited Partners, with the exception of a claim for fraudulent misrepresentation, "because the [limited partners] cannot be parties to a proceeding by a partnership and because this is not a proceeding to enforce the limited partners' right against or liability to the partnership." *Id.* at 4.

violation of their rights to due process. Limited Partners' Complaint, ¶¶ 62–64. In addition, after the allegedly improper seizure, and upon becoming statutory receiver, the Secretary of Banking, also without notice to plaintiffs, caused a purchase and assumption agreement to be prepared for the benefit of other defendants, effectively eliminating the Limited Partners' interests in the Private Bank. Limited Partners' Complaint, ¶¶ 74–78.

■ All of these claims allege injury to the limited partnership Private Bank, rather than to the Limited Partners individually. It was the Private Bank itself which the Secretary of Banking seized, and it was this action, taken directly against the interests of the Private Bank, out of which this lawsuit arose. Any injury that resulted from the Secretary's actions, therefore, was suffered by the limited partnership directly. Only from this alleged injury to the partnership do the Limited Partners suffer any damages. In effect, the harm endured by the Limited Partners, if any, took the form of a diminution in the value of their interest in the limited partnership Private Bank.[9] *See e.g., Litman v. Prudential–Bache Properties, Inc.,* 611 A.2d 12, 16 (Del.Ch.1992) (finding limited partners lacked standing because harm done to partnership was felt by limited partners only through the diminution in value of their interests).

Therefore, none of the harm for which Limited Partner Plaintiffs seek redress in their Complaint, with the exception of damages alleged in the fraudulent misrepresentation count,[10] exists independently of the limited partnership or was inflicted directly upon the Limited Partners. As such, the Limited Partners would have standing to sue only derivatively on behalf of the Private Bank.

■ In this case, however, the general partners of the Private Bank already have brought suit in both this court and in the Court of Common Pleas of Berks County, Pennsylvania seeking to enforce the rights of the partnership with respect to the same actions taken by the Banking Secretary that gave rise to Limited Partners' claims here. *See Kenworthy v. Hargrove,* Civ. No. 92–7416 (E.D.Pa.); *Kenworthy v. Hargrove,* Civ. No. 5486–92AD (Court of Common Pleas of Berks County, Pa.). Because the general partners are themselves acting to protect the interests of the partnership, the Limited Partners do not have standing to bring this independent action on behalf of the partnership. *See e.g., McClune v. Shamah,* 593 F.2d 482, 486 (3d Cir.1979) (denying limited partnership's motion to intervene in action where complete identity of interest between the limited partnership and its limited partners insured that all parties' interests would be

9. Limited Partner Plaintiffs claim that, pursuant to Pennsylvania law, the interest of a limited partner in a limited partnership is personal property. *See* 59 Pa.C.S.A. § 532 (ULPA); 15 Pa. C.S.A. § 8561 (RULPA). Accordingly, Limited Partners argue that when Defendant Hargrove summarily seized the Private Bank, her actions directly harmed their personal property. We find plaintiffs' argument unavailing. Simply because Pennsylvania law recognizes a limited partner's interest in the partnership as personal property, does not render every injury suffered by the partnership unique to the limited partners. Certainly, the Limited Partners did not lose their property interest in the partnership after they invested their money, but they never held title to nor owned the particular assets of the legal entity, the Private Bank. The Limited Partners specifically allege that all damages to their personal property arose from Defendant Hargrove's decision and action to seize the Private Bank and place it into receivership. The damages to their property, therefore, stem from the loss in value of their interests in the Private Bank, rather than to Limited Partners directly.

10. We find that Limited Partner Plaintiffs have standing to pursue the fraudulent misrepresentation claim in Count VIII of their Complaint. In contrast to the other claims alleged in Limited Partners' Complaint, Count VIII alleges an injury to plaintiffs in their capacity as potential investors, rather than as limited partners. Although Limited Partner Plaintiffs cannot claim an injury unique to them resulting from the defendants' alleged improper and unlawful activities directed against the Private Bank after Limited Partners had already invested their money, they have standing to claim an injury to them from the representations that allegedly induced them to change their status from potential to actual investors. *See Ceribelli v. Elghanayan,* 990 F.2d 62, 64 (2d Cir.1993) (holding, in corporate context, that a direct shareholder action was available for the making of intentionally or negligently deceptive misstatements to a shareholder in connection with sale of stock).

adequately represented by existing parties to suit); *Allright Missouri, Inc. v. Billeter,* 829 F.2d 631, 636 (8th Cir.1987) (interpreting provision of ULPA as intending to eliminate the need to join limited partners in lawsuits where the partnership is already involved); *Rothstein v. Seidman & Seidman,* 410 F.Supp. 244 (S.D.N.Y.1976) (where limited partners' only claimed harm was done to partnership as an entity, not the individual partners, and where firm's liquidator had already filed suit on behalf of partnership, limited partners lacked capacity to sue).

This does not mean that the Limited Partners are without a remedy to recover their alleged losses. The Limited Partners' rights are being protected fully by the general partners' litigation. Any right to a portion of the partnership will be preserved by the general partners in both this court and the state court. The Limited Partners may recover their alleged damages from the funds, if any, recovered by the general partners. The Limited Partners, however, cannot proceed with a separate action on behalf of the partnership when the partnership is already directly litigating those same claims. *See e.g., Browning v. Maurice B. Levien & Co.,* 262 S.E.2d 355, 44 N.C.App. 701 (1980) (because limited partner plaintiffs were suing for damages to their interests in partnership based on negligence of defendants, there is no necessity that they be allowed to proceed on behalf of partnership when general partners did not refuse and were able to bring action themselves). If this were not the rule and both the partnership and limited partners were to proceed and were successful in their suits, the limited partners might be entitled both to their portion of the partnership's damages (as determined by the limited partnership agreement) from the first suit and to the entire judgment as plaintiffs in the second. Pennsylvania law has precluded this possibility of double recovery. *See Engl v. Berg,* 511 F.Supp. at 1152–53; 15 Pa.C.S.A. § 8591.

## IV. CONCLUSION

Because we find that Limited Partner Plaintiffs lack standing to bring their claims, this court will grant Defendant Hargrove's Motion for Partial Summary Judgment and will dismiss with prejudice [11] all counts of the Limited Partner Plaintiffs' Complaint with the exception of Count VIII (fraudulent misrepresentation).

---

**11.** Although our dismissal is with prejudice at this time, we wish to expressly note that the Limited Partner Plaintiffs retain the right to institute an action in the future in the unlikely event that the general partner plaintiffs were to abandon the present action without cause.