NORMAN BROWNING, JOHN HUBLY, JAMES THORTON, HILDA REICH, HARROLD GOBEILLE, DAVID WEISBERT, HARRY SHRIER, JOSEPH SHRIER, EUGENE BOHLANDER, HOWARD GUGGENHEIM, PAUL ECKELBERRY, EUGENE KANDEL, STERLING PFEIFFER, PHILIP DRAKE, RALPH STRING, JOHN ROBINSON, JOHN McDONALD, M. G. BROWNE, JOSEPH THOMAS, ROBERT HAYS AND JOE FASSETT v. MAURICE B. LEVIEN & CO., P.C.; MAURICE B. LEVIEN; MAURICE B. LEVIEN & CO.; AND MAURICE LEVIEN ASSOCIATES

No. 7826SC761

(Filed 5 February 1980)

1. **Partnership § 7— limited partners—no right to bring action for partnership**

   The statute giving limited partners the same rights as a general partner to have "dissolution and winding up by decree of court," G.S. 59-10(a)(3), does not include bringing a lawsuit on behalf of the partnership to recover damages to their interest in the partnership based on the negligence of defendants in overcertifying to a construction lender the amount of work performed on an apartment complex owned by the partnership.

2. **Architects § 3; Partnership § 7— action against architects—standing of limited partners**

   Plaintiff limited partners had standing to bring an action against defendant architectural firm based on defendant's negligence in overcertifying to the construction lender the amount of work performed on an apartment project owned by the limited partnership, although defendant's contract for overseeing the project was with the lender and there was no privity of contract between plaintiffs and defendant, since it could reasonably be foreseen when defendant undertook to render services to the lender that the owners of the project might rely on defendant's certification.

3. **Partnership § 7; Principal and Surety § 10— failure of partnership to require performance bond—contributory negligence of partners**

In an action by limited partners in a partnership formed to build an apartment complex to recover for damages to their interest in the partnership based on negligence by defendant architectural firm in overcertifying to the construction lender the amount of work performed on the project by a contractor who defaulted, evidence of plaintiffs' investment in a limited partnership which did not require a performance bond from the contractor required submission of an issue of contributory negligence to the jury. However, the court erred in charging the jury that plaintiffs' failure to examine the books and records of the partnership could constitute negligence on their part where there was no evidence that a careful examination of the records of the partnership would have revealed the overcertification.

4. **Partnership § 7— action by limited partners—knowledge by general partners of defendant's negligence**

Knowledge by the general partners of a limited partnership of defendant's overcertification to the construction lender of the amount of work completed on an apartment project owned by the partnership did not bar plaintiff limited partners from maintaining an action against defendant to recover for damages to their interest in the partnership allegedly caused by defendant's negligence in overcertifying the amount of work completed.

APPEAL by plaintiffs from *Kirby, Judge.* Judgment entered 12 December 1977 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 2 May 1979.

This is an action by plaintiffs who were some of the limited partners in a limited partnership formed to build an apartment complex in Winston-Salem. Maurice Levien is an architect. Mr. Levien and the entities through which he did business are the defendants. The limited partnership had two general partners who were Gene Phillips and Phillips Development Corporation (PDC). Gene Phillips was the principal stockholder and chief executive officer of PDC. In order to secure financing for the project, the title to the real estate was taken by Orion Enterprises, Ltd., the partnership's corporate nominee. Orion entered into a construction contract with PDC under the terms of which PDC was to construct the project for $3,045,000.00. At the time they invested in the partnership, each of the plaintiffs signed statements saying he had been advised of the merits of the transaction or he was a knowledgeable investor familiar with this type of investment; that he was aware of the risks involved; that he was in at least the 50 percent tax bracket; and that he had access to all documents he deemed relevant. First National City Bank of

New York agreed to lend the partnership up to $3,700,000.00 to fund the cost of the project.

Maurice B. Levien and Co. made an agreement with the bank to supervise the project. Among Levien's duties were to inspect "the construction at the time of each progress payment request and certification as to the accuracy of the requisition and compliance of the construction with the plans and specifications." On 26 July 1973, defendant certified the project was 85.5 percent complete. The bank, at that time, had paid $3,216,021.00 to the contractor. In late July or in August 1973, the contractor defaulted on the construction. The partnership was not able to procure financing for the project and it was foreclosed. PDC and Gene Phillips have been adjudicated bankrupts.

The plaintiffs brought this action "on their own behalf and, in the alternative, derivatively on behalf of the Partnership." Plaintiffs alleged that defendants had been negligent in certifying as to work by the contractor. Defendants pled contributory negligence. The plaintiffs offered evidence that the defendants certified to the bank that work had been done on the project which had not been done in the amount of approximately $900,000.00. The evidence showed that no performance bond had been required of PDC. The jury found the defendant had been negligent, the plaintiffs had been contributorily negligent, and awarded the plaintiff one dollar in damages. Plaintiffs appealed.

*Grier, Parker, Poe, Thompson, Bernstein, Gage and Preston, by Mark R. Bernstein, Fred T. Lowrance and Francis O. Clarkson, for plaintiff appellants.*

*Craighill, Rendleman, Clarkson, Ingle and Blythe, by J. B. Craighill and William B. Webb, Jr., for defendant appellees.*

WEBB, Judge.

[1]  The plaintiffs have alleged that the action was brought "on their own behalf and, in the alternative, derivatively on behalf of the Partnership." We deal first with the question of whether the plaintiffs may bring this action on behalf of the limited partnership. We hold they may not. G.S. 59-26 provides:

A contributor, unless he is a general partner, is not a proper party to proceedings by or against a partnership, ex-

cept where the object is to enforce a limited partner's right against or liability to the partnership.

Both general partners are now bankrupt so that the limited partnership has been dissolved pursuant to G.S. 59-61(5). Plaintiffs contend that they are entitled to bring this action on behalf of the partnership pursuant to G.S. 59-10 which provides:

(a) A limited partner shall have the same rights as a general partner to

*   *   *

(3) Have dissolution and winding up by decree of court.

Plaintiffs contend their right under the statute to have a "dissolution and winding up" includes the right to bring this suit on behalf of the partnership. They also contend that if the statute does not give them this right, they should have it nevertheless because there is no one else to sue, as the general partners are now bankrupt and *par delictum* with the defendants. We do not believe the statute allowing the limited partners the right to a "dissolution and winding up" includes bringing a lawsuit on behalf of the limited partnership. There might be some cases in which the general partners refuse or are unable to bring an action for a limited partnership, and justice would require that the limited partners be allowed to do so. We hold this is not such a case. In this case the plaintiffs are suing for damages to their interest in the partnership based on the negligence of the defendants. There is no necessity that they be allowed to sue on behalf of the limited partnership.

[2] The defendants have cross-assigned as error the failure of the court to dismiss the action because the defendants' contract for overseeing the project was with the bank, and there was not privity between plaintiffs and defendants. There have been several recent cases dealing with the duty of architects and structural engineers. *See Drilling Co. v. Nello L. Teer Co.*, 38 N.C. App. 472, 248 S.E. 2d 444 (1978); *Davidson and Jones, Inc. v. County of New Hanover*, 41 N.C. App. 661, 255 S.E. 2d 580 (1979); *Industries, Inc. v. Construction Co.*, 42 N.C. App. 259, 257 S.E. 2d 50 (1979). From reading these cases and the authorities cited therein, we believe it is the law that an architect who contracts to perform services is liable for damages proximately caused by his

Browning v. Levien & Co.

negligence to anyone who can be reasonably foreseen as relying on that architect's performing his services in a reasonable manner. In the case sub judice, when the defendants undertook to perform services for the bank, it could be reasonably foreseen that the owners of the property, the plaintiffs in this case, might rely on the certification of defendants. The plaintiffs have standing to bring this action. It is true that *Drilling Co. v. Nello L. Teer Co., supra,* has language to the effect that an architect or engineer is not liable for negligent performance to a person with whom he is not in privity. That case involved a suit by a subcontractor against a supervising engineer who required the plaintiff to do more than the plaintiff contended was specified in his contract. This Court made it clear that it would be bad policy to hold that a supervising engineer or architect can be liable for negligence to a subcontractor by requiring a performance of the subcontractor which the subcontractor contended was more than specified in the contract. No such policy is involved in this case.

[3] The plaintiffs assign error in regard to the contributory negligence issue. They contend that there was not sufficient evidence of contributory negligence to submit to the jury, and they further contend that the court erred in its charge as to contributory negligence.

> "Contributory negligence is an act or omission on the part of the plaintiff amounting to a want of ordinary care, which concurs with some negligent act or omission on the part of the defendant so as to constitute the act or omission of the plaintiff a proximate cause of the injury complained of."

9 Strong's N.C. Index 3d Negligence § 13, p. 379. In the case sub judice, the limited partnership did not require the contractor to file a bond. The plaintiffs were aware of this or should have been aware of it. We hold that the investment in a limited partnership by men of the business acumen of the plaintiffs, when the limited partnership did not require a performance bond from the contractor, is evidence from which the jury could conclude the plaintiffs failed to do something a reasonable man should have done which was a proximate cause of the damage to plaintiffs. The contributory negligence issue was properly submitted to the jury.

Browning v. Levien & Co.

In charging the jury as to contributory negligence, the court recounted the evidence as to the business experience of the plaintiffs, their opportunity to inspect the project, the books and records of the project, and their failure to learn of the overcertification until work on the project had stopped. The court then charged the jury as follows:

"Finally, as to this contributory negligence issue, I instruct you that if the defendants have proved by the greater weight of the evidence that at the time of the construction project, the plaintiffs were negligent in any one or more of the following respects: that experienced business people, accustomed to making investments and supervising such investments, aware of the risks involved, with tax and legal counsel to view the project, all in the fifty percent tax bracket, all having all relevant documents available to them, including the right of access to the project's books and records, and in spite of such opportunity did not learn of the overcertification until February, 1974, several months after bankruptcy of the initial contractor, and cessation of work on the project and that such funds were diverted by other partners of the project, I say that if the defendants have proved by the greater weight of the evidence that the plaintiffs were negligent in any one or more of these things, and that if the defendants have further proven by the greater weight of the evidence that such negligence was the proximate cause of and contributed to the plaintiffs' damages, then, it would be your duty to answer this issue, 'yes,' in favor of the defendant."

We hold there was error in this portion of the charge. There is no evidence that a careful examination of the records of the partnership would have revealed the overcertification. If it was negligence on the part of the plaintiffs in failing to examine the books and records, this failure would not have been a proximate cause of the damage. In addition, the language of the charge was such that the jury could have been under the impression that the court thought this failure of the plaintiffs was negligence. It would have been better for the court to have charged the jury that these were acts from which the jury could conclude the plaintiffs were negligent.

[4]   The defendants also contend that if there was negligence in the overcertification on the project by them it was done with the knowledge of Gene Phillips and PDC, the general partners, and knowledge of the overcertification is imputed to the plaintiffs. Defendants contend plaintiffs cannot recover for this reason. Defendants rely on G.S. 59-42 and *Howard v. Hamilton* and *Howard v. Fairley,* 28 N.C. App. 670, 222 S.E. 2d 913 (1976). That case involved a suit by a limited partnership as plaintiff. The defendants pled the statute of limitations and the case turned on whether the plaintiff limited partnership had knowledge prior to a certain date that a lien had been placed on a tract of real estate. The court held that knowledge of the general partners as to when the lien was put on the property was imputed to the limited partnership. The facts of this case are different. The plaintiffs are suing defendants for damages to their property interests based on the negligence of the defendants. The knowledge of the general partners as to the negligence of the defendants does not bar the plaintiffs from maintaining this action.

For reasons stated in this opinion there must be a

New trial.

Chief Judge MORRIS and Judge HEDRICK concur.