YALE II MINING ASSOCIATES, and Yale Mining Associates, III, Plaintiffs,

v.

Richard D. GILLIAM, et al., Defendants.

Civ. A. No. 83-0367-B.

United States District Court, W.D. Virginia, Big Stone Gap Division.

June 14, 1984.

John S. McLellan, Kingsport, Tenn., Birg E. Sergent, Jr., Pennington Gap, Va., Mullins, Winston, Stout & Thomason, Norton, Va., Glenn Tankersley, Big Stone Gap, Va., for plaintiffs.

James Schreiber, New York City, Carl A. Tibbetts, Roanoke, Va., for defendants.

## MEMORANDUM OPINION

GLEN M. WILLIAMS, District Judge.

The plaintiffs, Yale II Mining Associates and Yale Mining Associates III, have brought this action against the defendants, alleging breach of fiduciary duty, misapplication of funds, fraud, conspiracy to injure their business under Va.Code §§ 18.2–499 to –500 (Repl.Vol.1982), and conspiracy to use the United States Postal Service and telephonic communications to violate 18 U.S.C. §§ 371, 1341, 1343, and 1366. Yale II Mining Associates is a limited partnership organized under the laws of the Commonwealth of Virginia pursuant to a limited partnership agreement executed December 3, 1980. Its principal office is located in Pennington Gap, Virginia. Yale Mining Associates, III is a limited partnership which was organized under the laws of the Commonwealth of Kentucky in December, 1980. Its principal place of business is in Pennington Gap, Virginia. The sole general partner of each limited partnership is Yale Mining Corporation (hereinafter "Yale"), a company incorporated under the laws of Kentucky with its business office situated in Pennington Gap, Virginia. The plaintiffs allege that the court has jurisdiction over this matter based upon 18 U.S.C. § 1962(d) and 28 U.S.C. §§ 1331 and 1332.

This case is before the court on various defendants' motions to dismiss. The defendants William D. Witter, Charles R. Crofton and Robert L. Meyer move to dismiss this action for lack of subject matter and in personam jurisdiction, improper venue, and failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(1), (2), (3), and (6) of the Federal Rules of Civil Procedure. The defendants Richard D. Gilliam and Marvin Gilliam move to dismiss for lack of subject matter jurisdiction, failure to join an indispensable party under Rule 19 and include the real party in interest, and failure to state a claim upon which relief can be granted due to the failure of specifically alleging fraud, the lack of plaintiffs' standing to sue and the bar of the statute of limitation pursuant to Rule 12(b)(1), (6), and (7). The remaining defendants move to dismiss the case on all the grounds alleged by the other two groups. The plaintiffs have responded to the motions, memoranda in support of the motions, affidavits, and exhibits with memoranda and exhibits. Thus, the case is ready for disposition.

I.

The record reveals that Yale II Mining Associates is a limited partnership founded under the laws of Virginia with its sole general partner being Yale. Likewise, Yale is the sole general partner of the Yale Mining Associates III, a limited partnership organized under the laws of Kentucky. Both partnerships were established to acquire leasing rights and to mine and sell coal located on their leaseholds; all three have offices in Pennington Gap, Virginia. The defendants allegedly are officers and directors of Yale and three business entities associated with Yale.

On December 27, 1983, counsel for the plaintiffs instigated the present action. During discovery depositions for a related case, *Witter v. Torbett*, Civil Action No. 83–0130–B/A (W.D.Va.1984), Thomas Torbett stated that Mr. Troyer and he authorized counsel to proceed with litigation on behalf of the plaintiffs. Yale had filed a petition for reorganization under Chapter 11 of the Bankruptcy Code. The bankruptcy court appointed Cynthia D. Kinser as bankruptcy trustee of Yale on November 15, 1983; she did not authorize this lawsuit

to be brought, nor did Mr. Torbett consult her prior to commencing the action *sub judice.* Moreover, the bankruptcy court has not authorized Mr. Torbett to initiate this action for the plaintiffs.

## II.

The first issue presented is whether the two limited partnerships acting through Thomas Torbett may commence an action against the directors, officers and associates of their bankrupt general corporate partner under Virginia and Kentucky law.

To resolve this issue the court must determine who may bring a suit on behalf of a limited partnership. Under the Uniform Limited Partnership Act, adopted in Virginia and Kentucky, "[a] contributor [*i.e.,* a limited partner], *unless he is a general partner,* is not a proper party to proceedings by or against a partnership, except where the object is to enforce a limited partner's right against or liability to the partnership." Va.Code § 50–69 (Repl.Vol. 1980); Ky.Rev.Stat. § 362.660 (1971) (emphasis added). None of the Virginia or Kentucky courts has applied this provision in a reported case. However, in a case from the North Carolina Court of Appeals, several limited partners brought a negligence action "on their own behalf and, in the alternative, derivatively on behalf of the Partnership." The state court held, *inter alia,* that the limited partners could not bring the action on behalf of the limited partnership since North Carolina also has adopted § 26 of the Uniform Limited Partnership Act, N.C.Gen.Stat. § 59–26 (Repl. Vol.1982). Both general partners were bankrupt so that the limited partnership was dissolved pursuant to N.C.Gen.Stat. § 59–61(5). The court of appeals further held that the dissolution did not necessitate the plaintiffs suing for the partnership in this case, for they were suing for damages to their interest resulting from the defendants' negligence. *Browning v. Maurice B. Levien & Co.,* 44 N.C.App. 701, 703, 262 S.E.2d 355, 357, *cert. denied,* 300 N.C. 371, 267 S.E.2d 673 (1980). Thus, only a general partner is authorized to bring actions on behalf of the limited partnership. *See Lieberman v. Atlantic Mut. Ins. Co.,* 62 Wash.2d 922, 927, 385 P.2d 53 (1963); *Fox v. Sackman,* 22 Wash.App. 707, 708, 591 P.2d 855, 857 (1979) (applying same provision of the Uniform Limited Partnership Act); *Conrad Milwaukee Corp. v. Wasilewski,* 30 Wis.2d 481, 483, 141 N.W.2d 240, 242 (1966) (in dictum, the court stated sole general partner of limited partnership was the proper party to bring the contract action); *Wroblewski v. Brucher,* 550 F.Supp. 742, 747–48 (W.D.Okla.1982) (applying California law); *Coe v. United States,* 502 F.Supp. 881, 884–85 (D.Ore.1980) (applying Oregon law); 68 C.J.S. *Partnership* § 486 (1950 & Supp.1983); 40 Am.Jur. *Partnership* § 516. The right to bring suit on behalf of these limited partnerships statutorily is vested in only Yale as the sole general partner.

The plaintiffs' counsel refers the court to the Revised Uniform Limited Partnership Act § 1001 (1976) which states:

> A limited partner may bring an action in the right of a limited partnership to recover a judgment in its favor if general partners with authority to do so have refused to bring the action or if an effort to cause those general partners to bring the action is not likely to succeed.

As the defendants indicate, neither Virginia nor Kentucky has adopted this provision of the revised act; thus, § 1001 is inapplicable. Even if a limited partner were allowed to commence an action for the limited partnership, Thomas Torbett is not a named limited partner in the certified partnership agreements and therefore could not authorize the action. Moreover, the plaintiffs apparently intended to file a type of derivative suit against the officers and directors of the general partner for mismanagement of the limited partnerships. Such a right belongs to those limited partners who have suffered injury and not to the partnerships themselves. As Mr. Torbett is not a named limited partner, he personally could not institute this action.

A second prong of this issue is who may initiate an action on behalf of the general

partner in the limited partnership. At the time the plaintiffs filed this lawsuit, Yale had petitioned to reorganize under Chapter 11 and had an appointed trustee. The defendants contend that the trustee must have consented and should have been joined as a party-plaintiff representing the general partner in the suit.

11 U.S.C. § 323(b) (Supp.1981) gives the bankruptcy trustee the capacity to sue and be sued. Bankruptcy Rule 6009, derived from former Bankruptcy Rule 610, provides, in pertinent part: "With or without court approval, the trustee ... may prosecute or may enter an appearance and defend any pending action or proceeding by or against the debtor, or commence and prosecute any action or proceeding in behalf of the estate before any tribunal." Consequently, the trustee may commence an action for the estate of Yale. These cases fall into two categories: Those cases which the trustee derived as successor to the debtor's interest in the estate, and those actions brought under the trustee's avoiding power. "With respect to the [first group], the trustee stands in the shoes of the debtor and can only assert those causes of action possessed by the debtor." 2 *Collier on Bankruptcy*, § 323.02[4] at 323–9 (15th ed. 1984). Thus, the trustee is vested with the power to bring an action on behalf of a person who has filed for reorganization.

■ The court concludes that the wrong parties have filed this action. Under Virginia and Kentucky law only a general partner may file a lawsuit for the limited partnership. Once the general partner petitions for reorganization, the authority to commence suits on its behalf shifts to the trustee, if one is appointed. Since the trustee steps into the shoes of the general partner, she also has the right to bring a suit on behalf of the limited partnership. While the court does not decide how the action should be styled, the trustee should consent and preferably bring the action for the limited partnerships. The trustee in this particular case, however, does not have the authority to instigate this suit since the cause of action belongs to the limited partners, not to the limited partnerships. The record clearly reflects that Mr. Torbett lacked the authority to initiate this action and that the wrong parties brought it. Accordingly, the defendants' motions to dismiss are granted.

Since the defendants' motions can be granted on this basis, the court refrains from addressing the other grounds.