The BANKRUPTCY ESTATE OF Louis ROCHESTER, Thos. D. Murphy, Jr., Ray Hawkins, Trudi Hestand and Tracy Hawkins, individually and on behalf of Colonial Food Stores, Inc.; and Hawkins–Rochester–Murphy, Inc., Appellants,

v.

Robert CAMPBELL, Rory McLaughlin, Joe Fleckinger, Chuck Schmidt, Individually and doing business as, and as agents for Deloitte & Touche, a partnership, formerly known as Touche Ross & Co.; and Touche Ross & Co., Appellees.

No. 03–95–00105–CV.

Court of Appeals of Texas, Austin.

Nov. 22, 1995.

Rehearing Overruled Dec. 20, 1995.

Daniel M. Grant, Daniel M. Grant, P.C., Austin, for Appellants.

C.J. Muller, Farley P. Katz, Anthony E. Rebollo, Matthews & Branscomb, P.C., San Antonio, for Appellees.

Before POWERS, ABOUSSIE and KIDD, JJ.

KIDD, Justice.

Appellants ("the shareholders"),[1] the former owners of Colonial Food Stores, Inc. ("Colonial"), brought an action in district court for accounting malpractice and fraud based on tax advice rendered by appellees

---

1. Louis Rochester and appellants Ray Hawkins and Thomas Murphy together owned 90% of Colonial's shares (30% each) and were the primary corporate decisionmakers during the events relevant to this appeal. Rochester's interest in Colonial has now been assumed by his bankruptcy estate, an appellant in this cause.

Appellants Trudi Hestand and Tracy Hawkins together owned the remaining portion of Colonial (10%). Hawkins–Rochester–Murphy, Inc. was formed upon the sale and dissolution of Colonial to receive the sale proceeds and distribute them to the individual shareholders.

("Touche Ross")[2] in connection with the sale of Colonial. The district court granted Touche Ross's motion for summary judgment, which was predicated on the affirmative defense of limitations, among other grounds. We will affirm the district court's grant of summary judgment in part and reverse in part, remanding only the fraud claims to the district court for further proceedings.

## THE CONTROVERSY

This action for accounting malpractice and fraud arose from the sale of Colonial, a corporation owned by the shareholders. In 1980, the shareholders engaged Touche Ross as tax accountants and auditors; Touche Ross prepared Colonial's tax returns and performed audits for Colonial through 1984, the year of Colonial's dissolution. In 1983, the shareholders decided that they would sell Colonial's assets if each of them could realize $2,000,000 from the sale after payment of the corporation's federal income taxes. When the shareholders began negotiations with a buyer, they retained Touche Ross to advise them concerning the tax aspects of the proposed sale. When the shareholders and the buyer reached an impasse on price, the buyer suggested a tax treatment of the sale that would allow the shareholders to realize the amount they wanted at a price the buyer was willing to pay.

At a meeting of Colonial's board of directors, Touche Ross made a presentation in which it advised the shareholders that the tax treatment proposed by the buyer was acceptable and would yield each shareholder over $2,000,000 after taxes. The shareholders further contend that Touche Ross represented that the proposed tax treatment would withstand audit and that the shareholders would not face additional tax liability on the transaction. Based on Touche Ross's presentation, the shareholders accepted the buyer's proposal, sold Colonial's assets, distributed the proceeds of the sale, and dissolved Colonial in April 1984. The Internal Revenue Service ("IRS"), after auditing Colonial in 1987, found the tax treatment of the sale to be improper and assessed a sizeable deficiency against Colonial. The shareholders contested the deficiency, eventually settled the dispute with the IRS, and subsequently brought this action.

The relevant dates in this appeal are as follows:

April 27, 1983—Touche Ross gives tax advice to Colonial's board of directors

April 24, 1984—The shareholders dissolve Colonial and distribute its assets

June 11, 1987—IRS issues a notice of deficiency to Colonial due to the tax treatment of the sale

November 16, 1989—U.S. Tax Court renders judgment against Colonial for the deficiency

June 11, 1991—The shareholders file the present action in district court

The shareholders pled various causes of action in their original petition, including negligence, breach of implied warranty, and violation of the Texas Deceptive Trade Practices Act (DTPA). During discovery, the shareholders found out that Touche Ross also had provided tax advice to Colonial's buyer during the time of the sale. Accordingly, the shareholders amended their petition to include a fraud claim based on this alleged conflict of interest. Touche Ross moved for summary judgment on the affirmative defense of limitations. All parties agreed that the fraud cause of action was subject to a four-year limitations period[3] and that the remaining causes of action were governed by a two-year limitations period.[4]

---

**2.** The individual appellees were employees of Touche Ross at the time of the events relevant to this appeal.

**3.** Fraud claims are governed by the four-year limitations period in Tex.Civ.Prac. & Rem.Code Ann. § 16.004 (West 1986). *Williams v. Khalaf,* 802 S.W.2d 651, 656–57 (Tex.1990).

**4.** Professional malpractice, whether characterized as negligence or breach of an implied warranty of good and workmanlike conduct, is governed by the two-year limitations period in Tex. Civ.Prac. & Rem.Code Ann. § 16.003 (West 1986). *Willis v. Maverick,* 760 S.W.2d 642, 644 (Tex.1988); *Black v. Wills,* 758 S.W.2d 809, 814 (Tex.App.—Dallas 1988, no writ). The DTPA contains a separate two-year limitations provision. Tex.Bus. & Com.Code Ann. § 17.565 (West 1987).

The parties disputed the time at which the causes of action had accrued; Touche Ross contended that the causes accrued at the time the shareholders received the notice of deficiency from the IRS, while the shareholders argued that the causes accrued, at the earliest, when the tax court rendered judgment on the deficiency.

As an alternate ground for summary judgment, Touche Ross argued that the Texas Business Corporation Act barred any claims by Colonial because the corporation had been dissolved for more than three years before filing the petition. Touche Ross further argued that the shareholders lacked the capacity to bring individual claims because the alleged causes of action properly belonged to the corporation. Touche Ross urged that these two arguments, taken together, warranted summary judgment in their favor as an alternative to the limitations defense.

The district court granted summary judgment in favor of Touche Ross by a general order, without specifying the grounds relied upon for the judgment. The shareholders now complain that the judgment was erroneous.

## DISCUSSION

■ The shareholders complain that the trial court erred in granting summary judgment on the basis of limitations. A defendant moving for summary judgment on the basis of an affirmative defense must conclusively establish the facts pertaining to every element of the defense and must also show that it is entitled to judgment as a matter of law. Tex.R.Civ.P. 166a(c); *Munoz v. Gulf Oil Co.*, 693 S.W.2d 372, 373 (Tex.1985); *Brown v. KPMG Peat Marwick*, 856 S.W.2d 742, 746 (Tex.App.—El Paso 1993, writ denied). The facts pertaining to Touche Ross's limitations defense in this cause are undisputed; therefore, we need only decide whether the trial court properly applied the law to the undisputed facts.

■ The central issue in this appeal is the time at which the shareholders' alleged causes of action accrued. A cause of action accrues when a party has suffered damage from a wrongful act and can seek relief from a court of competent jurisdiction. *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 828 (Tex.1990); *Robinson v. Weaver*, 550 S.W.2d 18, 19 (Tex.1977); *Cook Consultants v. Larson*, 700 S.W.2d 231, 237 (Tex.App.—Dallas 1985, writ ref'd n.r.e.). In this case, the damage from alleged tax-accounting malpractice consists of additional tax liability, as both parties agree. The key question is when Colonial suffered the damage of increased taxes.

■ The shareholders urge that the discovery rule[5] applies to their claims and operates to remove them from the limitations bar. We need not decide whether the discovery rule applies because it is not relevant to this appeal. The parties assert two different events upon which the causes of action accrued: the notice of deficiency or the tax-court judgment. However, both events provided notice of the tax deficiency proceedings. The issue in this appeal is not discovery of the cause of action, it is the timing of legal injury to the shareholders. Touche Ross argues that the limitations period began running at the earlier of the two forms of notice that the shareholders received. Thus, even if applicable, the discovery rule would not toll the statute of limitations in this cause.

The shareholders argue that they only suffered damage once the tax court rendered judgment against them for a deficiency; they contend that a notice of deficiency cannot constitute damage for the purposes of limitations because a deficiency assessed by the IRS can be reversed through administrative review or proceedings in the tax court. Touche Ross responds that the shareholders misconstrue the type of damage required for a cause of action to accrue. Touche Ross contends that the "legal injury rule" provides that a party has been damaged, for purposes of limitations, when the party discovers a concrete and specific risk to an economic interest. *See Atkins v. Crosland*, 417 S.W.2d

---

5. Under the discovery rule, a statute of limitations does not begin to run until the claimant discovers or, in the exercise of reasonable diligence, should have discovered the facts establishing a cause of action. *Burns v. Thomas*, 786 S.W.2d 266, 267 (Tex.1990).

150, 153 (Tex.1967). In this case, Touche Ross argues, the IRS notice of deficiency apprised the shareholders of a substantial risk of increased tax liability for Colonial, triggering the limitations period for malpractice based on the relevant tax advice. We agree with Touche Ross.

■ Under the legal injury rule, harm from a wrongful act that is lawful in itself arises when the claimant becomes aware of a concrete economic risk to a protected legal interest; this risk is considered "legal injury" for the purposes of limitations even though harm is not certain. *See Atkins,* 417 S.W.2d at 153. This Court has previously applied the legal injury rule in the context of a professional malpractice case. *See Zidell v. Bird,* 692 S.W.2d 550 (Tex.App.—Austin 1985, no writ). Though *Zidell* involved a legal malpractice claim, we discussed the supreme court's application of the legal injury rule in the seminal *Atkins* decision, which was a tax-accounting malpractice case. *Id.* at 557; *see Atkins,* 417 S.W.2d at 153. We noted that a cause of action for tax-accounting malpractice accrues when the taxpayer receives a notice of deficiency from the IRS. *Zidell,* 692 S.W.2d at 557. Two other courts of appeals have reached the same conclusion, with no decisions to the contrary. *Ponder v. Brice & Mankoff,* 889 S.W.2d 637, 642 (Tex. App.—Houston [14th Dist.] 1994, writ denied); *Hoover v. Gregory,* 835 S.W.2d 668, 672 (Tex.App.—Dallas 1992, writ denied).

■ In a tax-accounting malpractice case, the IRS notice of deficiency satisfies the definition of damage under the legal injury rule because it clearly informs the taxpayer that the IRS will seek additional taxes, creating a specific and substantial risk that the taxpayer will actually face additional tax liability. *Atkins,* 417 S.W.2d at 153; *Zidell,* 692 S.W.2d at 557. We reject the shareholders' argument that harm occurs only upon a judgment of tax deficiency because that approach requires *certain* harm in contravention of the legal injury rule's clear standard of *specific and concrete risk* of harm. We reaffirm our prior determination in *Zidell,* approve the reasoning of *Ponder* and *Hoover,* and hold that the shareholders' alleged causes of action accrued when they received their notice of deficiency from the IRS.

■ The shareholders argue that, even if their causes of action accrued upon receipt of the notice of deficiency, the statute of limitations was tolled during the audit contest proceedings under the holding of *Hughes v. Mahaney & Higgins,* 821 S.W.2d 154, 157 (Tex.1991). We disagree. In *Hughes,* the supreme court held that the statute of limitations for legal malpractice would be tolled until the exhaustion of all appeals on the underlying claim *only if* the malpractice occurred "in the prosecution or defense of a claim that results in litigation...." *Id.* The supreme court carefully worded this tolling rule to apply only to a specific class of legal malpractice claims. We hold that the *Hughes* tolling rule is inapplicable to this accounting malpractice action. *Accord Ponder,* 889 S.W.2d at 643–44; *Hoover,* 835 S.W.2d at 675–76.

Accordingly, we hold that all of the shareholders' causes of action except fraud are barred by limitations. The causes accrued upon receipt of the IRS notice of deficiency on June 11, 1987. The two-year limitations period expired on June 11, 1989. Because the shareholders did not file suit until June 11, 1991, their causes of action subject to the two-year limitations period are barred. The shareholders' fraud claims, however, are subject to a four-year limitations period. Because the shareholders filed suit exactly four years after receipt of the notice of deficiency, their actions for fraud are not barred by limitations.

■ Touche Ross argues that the shareholders' fraud claims are nevertheless barred by limitations because the shareholders received a preliminary copy of the IRS notice of deficiency a short time before receiving the final, official notice. Touche Ross urges that the preliminary notice sufficed to notify the shareholders of legal injury in the same manner as the official notice. We disagree. As discussed above, we hold that the formal IRS notice of deficiency triggers the requisite concrete risk of tax liability for purposes of the legal injury rule. Prior awareness of IRS activity, such as a preliminary notice of deficiency, informs the taxpayer of some risk,

but the risk is not sufficiently definite or concrete until the IRS has issued its formal notice of deficiency. As a matter of policy, it is important that a taxpayer clearly know the time at which potential causes of action involving tax liability accrue; the issuance of a formal notice of deficiency provides such a clear date on which the taxpayer faces a concrete and specific risk of tax liability. Because the trial court improperly held that the fraud cause of action was barred by limitations, we sustain the shareholders' third point of error.

■ Touche Ross argues that summary judgment on the fraud cause of action may also be upheld on the ground that the shareholders' claims belong only to Colonial as a corporation, and Colonial's claims are now barred because claims by a dissolved corporation must be brought within three years after dissolution. *See* Tex.Bus.Corp.Act Ann. art. 7.12 (West Supp.1995). The district court impliedly held that the shareholders did not have the capacity to sue as individuals and that Colonial's corporate claims against Touche Ross were barred by the Business Corporation Act.[6] The shareholders do not challenge the district court's ruling that Colonial's claims are barred, but they assert that the individual shareholders have personal causes of action for fraud because Touche Ross rendered tax advice to the individuals as well as the corporation.

■ A shareholder may have a personal cause of action against a wrongdoer to a corporation if the wrongdoer also violates a duty owed directly to the shareholder as an individual. *Wingate v. Hajdik,* 795 S.W.2d 717, 719 (Tex.1990). In this case, the individual shareholders alleged that Touche Ross undertook to advise them personally in addition to advising the corporation. Whether Touche Ross actually undertook this representation is a question of fact. A movant for summary judgment has the burden of showing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *Nixon v. Mr.*

*Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true, every reasonable inference must be indulged in favor of the nonmovant, and any doubts must be resolved in the nonmovant's favor. *Id.*

■ Our examination of the record in light of the standard of review set out above discloses the existence of a factual dispute as to whether Touche Ross undertook to advise or represent the shareholders as individuals. Given the existence of this material fact dispute, the district court erred in granting summary judgment for Touche Ross on the individual shareholders' fraud claims. We therefore sustain the shareholders' seventh point of error.

## CONCLUSION

The district court properly granted summary judgment in favor of Touche Ross on the basis of limitations except with respect to the shareholders' alleged cause of action for fraud. The district court erred in granting summary judgment in favor of Touche Ross on the fraud cause of action both on the basis of limitations and on the basis that the individual shareholders lacked capacity to bring claims. The fraud claims are not time barred, and the record discloses a fact dispute on the material question whether Touche Ross undertook to advise the individual shareholders. We therefore affirm the district-court judgment in part and reverse in part and remand the cause to the district court for further proceedings consistent with this opinion.

---

6. Because the district court's order did not specify the grounds on which the court granted summary judgment, we will uphold the summary judgment on appeal if any theory advanced by

the movant is meritorious. *State Farm Fire & Casualty Co. v. S.S.,* 858 S.W.2d 374, 380 (Tex. 1993).