ENERGY INVESTORS FUND, L.P. v. METRIC CONSTRUCTORS, INC.

[133 N.C. App. 522 (1999)]

Reversed and remanded.

Chief Judge EAGLES and Judge HUNTER concur.

---

ENERGY INVESTORS FUND, L.P., Plaintiff v. METRIC CONSTRUCTORS, INC., KVAERNER ASA, KVAERNER ENVIRONMENTAL TECHNOLOGIES, INC., METRIC/KVAERNER FAYETTEVILLE, J.V., J.A. JONES, INC., and LOCKWOOD GREENE ENGINEERS, INC., Defendants

No. COA98-962

(Filed 15 June 1999)

### Jurisdiction— standing—action by limited partner for injuries to partnership

The trial court correctly dismissed plaintiff's claims for negligence, negligent misrepresentation, and breach of warranty for lack of standing where plaintiff, one of several limited partners, alleged that it had relied on representations by defendants in investing in the limited partnership and that defendants caused the project to fail and plaintiff to lose its investment. The proper analysis of plaintiff's standing requires analogy to the law of shareholders, which allows the special duty and unique injury exceptions to the general rule that a shareholder cannot sue a third party for causing harm to the corporation. The complaint, taken as true, did not allege facts from which one might reasonably infer a special duty between defendants and this particular limited partner, and the damages of which plaintiff complains are common to all of the partners.

Judge HORTON dissenting.

Appeal by plaintiff from order entered 10 February 1998 by Judge Knox V. Jenkins in Cumberland County Superior Court. Heard in the Court of Appeals 31 March 1999.

*Adams Kleemeier Hagan Hannah & Fouts, by W. Winburne King, III, and R. Harper Heckman; and Gadsby & Hannah LLP, Boston, Massachusetts, by Richard K. Allen and Michael B. Donahue, for plaintiff-appellant.*

ENERGY INVESTORS FUND, L.P. v. METRIC CONSTRUCTORS, INC.

[133 N.C. App. 522 (1999)]

*Moore & Van Allen, PLLC, by Gregory J. Murphy and Alan W. Pope; and Beaver, Holt, Richardson, Sternlicht, Burge & Glazier, P.A., by H. Gerald Beaver, for defendant-appellees Metric Constructors, Inc., Kvaerner ASA, Kvaerner Environmental Technologies, Inc., Metric/Kvaerner Fayetteville, J.V., and J.A. Jones, Inc.*

*Murray, Craven, Inman & McCauley, L.L.P., by Richard T. Craven; and Gibbes, Gallivan, White & Boyd, P.A., Greenville, South Carolina, by Frank H. Gibbes, III, and Stephanie H. Burton, for defendant-appellee Lockwood Greene Engineers, Inc.*

LEWIS, Judge.

Plaintiff Energy Investors Fund, L.P. ("EIF"), is a limited partner in BCH Energy Limited Partnership ("BCH"), a Delaware limited partnership organized to develop "waste-to-energy" projects in North Carolina. During 1992 and 1993, BCH was planning to construct and operate a project in Cumberland and Bladen counties that would receive waste from several counties, incinerate it, and thereby generate steam and electricity. Plaintiff alleges that several times in 1992 and 1993 defendants represented to plaintiff and others that defendants had knowledge and experience to allow them to design and construct the facility to meet performance criteria. These representations allegedly were made after the formation of BCH, but before plaintiff had invested funds in the project. Plaintiff claims that it relied on these representations, which allegedly were made to induce investment in the project, and invested over $16 million in the project. Plaintiff further contends that defendants did not in fact have such expertise or ability and that defendants designed and constructed the facility in a negligent fashion. Plaintiff alleges that defendants caused the project to fail to meet performance criteria and plaintiff to lose its investment.

Plaintiff asserted claims against defendants for negligence, negligent misrepresentation, and breach of warranty. The trial court dismissed all claims after determining that plaintiff "lack[ed] standing to assert claims against the Defendants" and that plaintiff failed to state a claim upon which relief might be granted. Plaintiff appeals from the order of dismissal, and we affirm.

Plaintiff is one of several limited partners in a limited partnership. We believe that the proper analysis of plaintiff's standing in this

case requires analogy to our law of shareholders. Our Supreme Court recently outlined the circumstances under which a shareholder may sue for injuries to his corporation. The Court adopted two exceptions to the general rule that a shareholder cannot sue a third party for causing harm to the corporation and held:

> [A] shareholder may maintain an individual action against a third party for an injury that directly affects the shareholder, even if the corporation also has a cause of action arising from the same wrong, if the shareholder can show that the wrongdoer owed him a special duty or that the injury suffered by the shareholder is separate and distinct from the injury sustained by the other shareholders or the corporation itself.

*Barger v. McCoy Hillard & Parks*, 346 N.C. 650, 658-59, 488 S.E.2d 215, 219 (1997).

To proceed under the special duty exception, a plaintiff "must allege facts from which it may be inferred that defendants owed plaintiff[] a special duty." *Id.* at 659, 488 S.E.2d at 220. The special duty must be one owed to the shareholder, separate and distinct from any duty owed to the corporation. *See id.* Special duties have been found when, for instance, a third party advised shareholders separately from the corporation, a third party induced the shareholder to buy stock in the first place, and a third party violated its fiduciary duty to the shareholder. *See id.*, (citing *Bankruptcy Estate of Rochester v. Campbell*, 910 S.W.2d 647, 652 (Tex. Ct. App. 1995), *aff'd in part, rev'd in part sub nom. Murphy v. Campbell*, 964 S.W.2d 265 (Tex. 1997); *Howell v. Fisher*, 49 N.C. App. 488, 498, 272 S.E.2d 19, 26 (1980), *disc. review denied*, 302 N.C. 218, 277 S.E.2d 69 (1981); and *FTD Corp. v. Banker's Trust Co.*, 954 F.Supp. 106, 109 (S.D.N.Y. 1997)). In *Barger*, the plaintiff shareholders personally guaranteed corporate loans after asking an accounting firm whether the corporation was financially solvent and being assured that it was. When the corporation thereafter went bankrupt, the shareholders sued the accounting firm, both for the diminished value of their investment as shareholders and for their losses as guarantors of the loans. The Court held that the plaintiffs had alleged no special duty as shareholders because "[a]ll of the allegations indicate that any duty defendants owed plaintiffs was purely derivative of defendants' duty to provide non-negligent services to [the corporation]." *Id.* at 660, 488 S.E.2d at 220. However, as in *Howell*, the plaintiffs as guarantors could sue the accounting firm since the plaintiffs alleged they were

ENERGY INVESTORS FUND, L.P. v. METRIC CONSTRUCTORS, INC.

[133 N.C. App. 522 (1999)]

induced, separately from any duty defendants owed the corporation, to guarantee the loans. *See id.* at 662, 488 S.E.2d at 222.

To proceed under the distinct injury exception, a plaintiff must allege an injury that is "peculiar or personal to the shareholder." *Id.* at 659, 488 S.E.2d at 220. A plaintiff must allege "an individual loss, separate and distinct from any damage suffered by the corporation." *Howell*, 49 N.C. App. at 492, 272 S.E.2d at 23. In *Barger*, the plaintiffs as shareholders suffered "precisely the injury suffered by the corporation" and so were precluded from recovering their lost investment. *See Barger*, 346 N.C. at 659, 488 S.E.2d at 220.

Because this case comes to us as a result of a motion to dismiss, we must view the facts alleged in the complaint as true. *See McAllister v. Ha*, 347 N.C. 638, 640, 496 S.E.2d 577, 579-80 (1998). Plaintiff here alleges that defendants negligently performed their engineering duties, negligently misrepresented their ability to build the project, and breached warranties regarding the project. Plaintiff was a limited partner in a limited partnership formed to build and operate the project and already was a partner at the time of each of the alleged bad acts of defendants. The complaint alleges defendants "communicated with, *among others*, representatives of EIF,"; "intended EIF, *among others*, to rely on such representations,"; and made representations "intended for the Project's investors, *including but not limited to EIF*" (emphasis added).

However, nowhere does the complaint allege facts from which one might reasonably infer a special duty existed between defendants and this particular limited partner. To the contrary, the complaint alleges representations made to plaintiff and others, after plaintiff was a partner. None of the types of special duty noted by the *Barger* court are indicated by the facts as pled. *See Barger*, 346 N.C. at 659, 488 S.E.2d at 220. Furthermore, the damages—loss of its investment—of which plaintiff complains, are common to all of the partners. That different partners invested different amounts does not qualify as a unique injury; to hold otherwise would eviscerate the general rule in all cases except those where partners or shareholders invest exactly equal amounts. Because plaintiff fails to allege facts sufficient to infer either exception under *Barger*, plaintiff has no standing to bring this action.

Plaintiff's reliance on *Howell* is misplaced. In *Howell*, a geologist hired by a mining corporation told plaintiffs before they were shareholders that land the corporation intended to mine was favorable for

mining. *See Howell,* 49 N.C. App. at 489-90, 272 S.E.2d at 21. The complaint in *Howell* alleged that the defendant geologist told plaintiffs, "[A]n investment in the capital stock of Howell would be a good investment and would return a substantial profit to the investor." *Id.* at 490, 272 S.E.2d at 21. Plaintiffs thereafter bought stock. In holding that the corporation was not a necessary party in an action between plaintiffs and the geologist, we concluded that plaintiffs stated an individual claim in negligence against the geologist. *See id.* at 498, 272 S.E.2d at 26. We noted that a derivative action was not possible because when the alleged negligence occurred, plaintiffs were not yet shareholders. *See id.* We held that the corporation was not a necessary party when plaintiff shareholders allege misrepresentation "*before* they were stockholders for the purpose of inducing their investment." *Id.* (emphasis added). Plaintiff here, however, was already a partner when each of defendants' alleged bad acts occurred.

Plaintiff also points to *Browning v. Levien & Co.,* 44 N.C. App. 701, 262 S.E.2d 355, *disc. review denied,* 300 N.C. 371, 267 S.E.2d 673 (1980), pulling sentences from separate paragraphs to support its position that plaintiff here has standing. In *Browning,* limited partners in a partnership formed to build an apartment complex sued an architect for negligence in overcertifying work by the contractor. They sued "on their own behalf and in the alternative, derivatively on behalf of the Partnership." *Id.* at 703, 262 S.E.2d at 357. At the time of the suit, both general partners were bankrupt, and the partnership had been dissolved. *See id.* at 704, 262 S.E.2d at 357. We first held that the limited partners' right to a dissolution did not include a right to sue on behalf of the limited partnership. *See id.* We noted that the limited partners were suing for damages to their own interest, so they had no real need to sue on behalf of a defunct entity. *See id.* We next held that the defendant architect could have reasonably foreseen that the individual plaintiffs would rely on the certifications. *See id.* at 705, 262 S.E.2d at 358. Although not expressly stated, this holding is tantamount to a determination that defendant had a special duty to the plaintiffs. Therefore, we said, "The plaintiffs have standing to bring this action." *Id.*

*Browning's* facts differ greatly from the facts of this case, as the partnership in *Browning* had been dissolved prior to the lawsuit. There was no risk of double recovery to the plaintiff partners in *Browning* as there is under the facts of this case. We believe the *Barger* exceptions are limited in scope to allow a shareholder to

**ENERGY INVESTORS FUND, L.P. v. METRIC CONSTRUCTORS, INC.**

[133 N.C. App. 522 (1999)]

recover for unique injuries, whether unique in how they occurred or unique in type. The exceptions prevent, however, a shareholder or limited partner from recovering twice for the same injury—once as a shareholder or partner and once individually—when the injury suffered is of the same type and suffered in the same manner as the injury to all other shareholders or partners. This philosophy was served in *Browning* as it is by our holding here.

Plaintiff fails to set forth any allegations which, even taken as true, support a special duty between it and defendants or support an injury unique compared to the injury suffered by other limited partners. Plaintiff does not allege it was induced to become a partner by defendants, *see Howell,* nor does it allege a contract between defendants and plaintiff, nor does it allege defendants advised plaintiff separately from the partnership as a whole or its other members. *See Barger,* 346 N.C. at 659, 488 S.E.2d at 220. Plaintiff alleges an injury common to all limited partners but alleges no special duty. Plaintiff therefore lacks standing to sue the third party on its own behalf. *Accord, Kenworthy v. Hargrove,* 855 F. Supp. 101, 106 (E.D. Pa. 1994) (approving cases from New York requiring a limited partner who alleges acts against the limited partnership that diminished the value of his interest to sue derivatively).

Because plaintiff lacks standing to assert individual claims against defendants, we need not reach the other assignments of error.

Affirmed.

Judge TIMMONS-GOODSON concurs.

Judge HORTON dissents.

Judge HORTON dissenting.

The focal point of this appeal is whether plaintiff, one of a number of limited partners in a Delaware limited partnership, has standing to assert claims for its allegedly individual injuries. I agree with the majority that it is appropriate to refer to North Carolina case law concerning the standing of shareholders in a corporation to bring individual claims arising from corporate losses. As a general rule, a stockholder may not sue for injuries to his corporation nor may a limited partner sue for injuries to its general partner which results in

diminution or destruction of the value of its investment. *Jordan v. Hartness*, 230 N.C. 718, 719, 55 S.E.2d 484, 485 (1949). Our Supreme Court has, however, recently reaffirmed two broad exceptions to the general rule:

> There are two major, often overlapping, exceptions to the general rule that a shareholder cannot sue for injuries to his corporation: (1) where there is a special duty, such as a contractual duty, between the wrongdoer and the shareholder, and (2) where the shareholder suffered an injury separate and distinct from that suffered by other shareholders. We adopt these exceptions to the general rule and hold that a shareholder may maintain an individual action against a third party for an injury that directly affects the shareholder, even if the corporation also has a cause of action arising from the same wrong, if the shareholder can show that the wrongdoer owed him a special duty or that the injury suffered by the shareholder is separate and distinct from the injury sustained by the other shareholders or the corporation itself.

*Barger v. McCoy Hillard & Parks*, 346 N.C. 650, 658-59, 488 S.E.2d 215, 220 (1997) (citations omitted). The two exceptions are stated in the disjunctive, so that if plaintiff proves that defendants owe it a "special duty," it is not necessary that plaintiff also prove that its injury is distinct from the injury sustained by other shareholders or by the corporation.

This appeal is not before us in a summary judgment or trial context, but on a motion to dismiss. This Court has frequently stated the appellate standard of review of a grant of a motion to dismiss as follows:

> The test on a motion to dismiss for failure to state a claim upon which relief can be granted is whether the pleadings, when taken as true, are legally sufficient to satisfy the elements of at least some legally recognized claim. In ruling upon a Rule 12(b)(6) motion, *the trial court should liberally construe the complaint and should not dismiss the action unless it appears to a certainty that plaintiff is entitled to no relief under any statement of facts which could be proved in support of the claim.*

*Arroyo v. Scottie's Professional Window Cleaning*, 120 N.C. App. 154, 158, 461 S.E.2d 13, 16 (1995) (citations omitted) (emphasis

ENERGY INVESTORS FUND, L.P. v. METRIC CONSTRUCTORS, INC.

[133 N.C. App. 522 (1999)]

added), *disc. review improvidently allowed*, 343 N.C. 118, 468 S.E.2d 58 (1996).

Here, plaintiff alleged that defendants owed it a "special duty" because defendants induced plaintiff's $16 million investment in the project by misrepresenting their expertise and experience in planning and constructing similar projects to plaintiff, and by assuring plaintiff that the plant would be constructed to meet designated performance criteria, when in fact defendants did not have such specialized ability and experience. Plaintiff further alleged that defendants' misrepresentations were made to induce plaintiff to invest in the project, that plaintiff relied on defendants' misrepresentations, and did invest heavily in the project. Treating those allegations as true, as we must, plaintiff has clearly alleged sufficient facts to demonstrate that defendants owed it a special duty. Certainly, we cannot say "to a certainty" that plaintiff is entitled to no relief based on its allegations.

The majority seem to say that there is no "special duty" owed plaintiff by defendants because plaintiff was already a member of BCH, the limited partnership, when it invested in the project in question. However, plaintiff's claim is not based upon misrepresentations which caused it to become a partner in BCH, but upon misrepresentations which caused it to invest an additional $16 million in this energy conversion project. In *Howell v. Fisher*, 49 N.C. App. 488, 272 S.E.2d 19 (1980), *disc. review denied*, 302 N.C. 218, 277 S.E.2d 69 (1981), we held in part that "a corporation is not a necessary party when stockholders seek damages in their own right for negligent misrepresentations made to them before they were stockholders for the purpose of inducing their investment." *Id.* at 498, 272 S.E.2d at 26. While the *Howell* plaintiffs were not shareholders before the misrepresentations of those defendants, I see no logical distinction between the misrepresentations which induced them to purchase stock in an existing corporation and those which induced plaintiff in the case before us to make an additional substantial investment in the limited partnership to fund defendants' energy conversion project.

In further support of its position that it may bring a separate action in its own behalf, plaintiff relies on *Browning v. Levien & Co.*, 44 N.C. App. 701, 262 S.E.2d 355, *disc. reviews denied*, 300 N.C. 371, 267 S.E.2d 673 (1980). *Browning* was an action by limited partners in a development consortium who sued an architect and other defendants to recover their lost investment. The *Browning* plaintiffs brought suit on behalf of themselves and on behalf of the limited part-

nership. This Court held that the limited partners had no standing to sue in the name of the limited partnership because N.C. Gen. Stat. § 59-26 as then written prevented limited partners from instituting an action on behalf of the limited partnership of which they were members. *Id.* at 703, 262 S.E.2d at 357. However, the limited partners could maintain the action to recover their individual investments:

> In this case the plaintiffs are suing for damages to *their interest in the partnership* based on the negligence of the defendants. There is no necessity that they be allowed to sue on behalf of the limited partnership.

*Id.* at 704, 262 S.E.2d at 357 (emphasis added). N.C. Gen. Stat. § 59-26 has since been repealed, and limited partners can now bring a derivative action on behalf of the limited partnership under certain limited circumstances. *See* N.C. Gen. Stat. § 59-1001 (1989).

In addition, N.C. Gen. Stat. § 59-1006 also seems to recognize that limited partners have rights individual to them in addition to the right to bring derivative actions. It provides that "[t]he provisions of this Article shall not be construed to deprive a partner of whatever rights of action he may possess *in his individual capacity." Id.* (emphasis added). We further note that *Browning* was decided in 1980, and that the General Assembly has not seen fit to change its result by statutory amendment. The Revised Uniform Limited Partnership Act was enacted by the 1985 Session Laws (Regular Session 1986), but did not change the *Browning* result. *See generally,* N.C. Gen. Stat. § 59-101, *et. seq.* (1989).

Finally, the majority are also concerned that plaintiff might receive a double recovery if allowed to bring a separate action. Initially, defendants moved to dismiss the complaint in this matter pursuant to Rules 12(b)(7), 17, and 19 on the grounds that plaintiff failed to join BCH as a necessary party and that plaintiff is not the real party in interest, in addition to the Rule 12(b)(6) grounds of failure to state a claim. Defendants further argued that the action should be abated because substantially similar actions involving the same parties, issues, and relief sought in this case are pending in a court of competent jurisdiction. The trial court, however, did not rule on defendants' contentions that BCH should have been joined as a necessary party and that plaintiff is not the real party in interest or defendants' contention that this action should be abated because of prior pending actions. Unfortunately, those issues are not properly before us, and we may not consider them.

Although the majority do not reach the issue, I have carefully considered the allegations of the complaint, and conclude that plaintiff alleged sufficient facts to state claims against defendants for negligence, negligent misrepresentation, and breach of warranty. I respectfully dissent, therefore, from the holding of the majority that plaintiff has not alleged sufficient facts to demonstrate that it has standing to pursue its claims. I vote to reverse the decision of the trial court and to remand the matter to the trial court with directions to rule on defendants' remaining motions.